JOSEPHINE NITZ ET AL., APPELLEES, V. WILLIAM WIDMAN, APPELLANT.

FILED JULY 20, 1921. No. 21581.

1. **Wills:** DEVISE: EVIDENCE. Evidence examined, and *held* that the testator was, at the time of his death, the owner of the land devised.

2. ———: ———: CONSTRUCTION. A devise to testator's daughter for life, and after her death in equal shares to her children, should be construed as referring to her children living at the time of the testator's death, but subject to open and let in any after-born child or children coming into being before the time appointed for distribution, unless a different intention is plainly manifested by the will.

3. **Partition:** LIFE TENANT. The owner of a life estate in a portion of a larger tract of land may maintain partition proceedings against a cotenant holding a fee-simple title.

4. ———: INFANT DEVISEES. Minors may, by their next friend, join as plaintiffs in a partition proceeding, when, under the provisions of a will, and the conditions of the property devised, it is probably necessary in order to protect their interests from total loss.

APPEAL from the district court for Saunders county: GEORGE F. CORCORAN, JUDGE. *Affirmed.*

*B. E. Hendricks,* for appellant.

*J. H. Barry, contra.*

Heard before LETTON, ALDRICH, DAY and DEAN, JJ., SHEPHERD and STEWART, District Judges.

STEWART, District Judge.

In this opinion Josephine Nitz and her five children will be referred to as plaintiffs, and William Widman as defendant.

From a decree of the district court for Saunders county, declaring plaintiffs the owners of a share in certain land in said county, occupied and claimed adversely by the defendant, and from an order for partition, the defendant appeals.

March 1, 1893, Joseph Widman and William Widman, father and son, purchased and took a deed to about 629 acres of land in Saunders county, for the expressed consideration of $23,730, and gave a $10,000 mortgage on the land and on 160 acres of land belonging to Joseph Widman. February 12, 1917, Joseph Widman died, leaving a will, which has been duly probated, devising, among other things, a life estate in a portion of said lands to Josephine Nitz, and then over to her children. On the date of testator's death Josephine Nitz was the mother of five living, unmarried, minor children. Josephine Nitz instituted this suit in partition on her own behalf, and as the next friend of said children. All shares of other devisees have been conveyed to the defendant.

By his cross-petition the defendant claims that about the year 1893 he had an agreement and a written contract for the purchase of his father's half interest in said lands, whereby it was provided that defendant was to have a deed after payment of incumbrances then existing, and the sum of $500 annually for ten years. Defendant alleges that said written contract was lost or destroyed, that he has fully performed its conditions, and asks to have his title quieted to the whole tract.

On this branch of the case, to entitle defendant to prevail, he must show by clear and satisfactory evidence that an agreement between him and his father was made, and that its conditions were fully performed by him. *Kofka v. Rosicky*, 41 Neb. 328; *Peterson v. Bauer*, 83 Neb. 405; *O'Connor v. Waters*, 88 Neb. 224; *Moline v. Carlson*, 92 Neb. 419.

Several witnesses testified, in substance, to having heard the testator say that defendant was to pay the incumbrances on the land and $500 annually for ten years, when he would get a deed; that defendant had fulfilled his contract and could have his deed if he would come and ask for it. Harry Widman, a brother of defendant, testified to being present when his mother stated

in testator's presence that attorney Gilkeson had drawn the contract, and that defendant should have his deed; that the testator got mad and stuck the contract in the stove. For five years before the land was bought, the defendant, with one or the other of his brothers, farmed between 400 and 500 acres of land, starting with a team and wagon, the gift of his father. At the date of purchase, defendant testified he had in the bank between $6,000 and $7,000. He admits, on cross-examination, that 1894 and 1895 were poor crop years, and that prices on farm products in 1896 were low. He has had the use of the whole tract since the spring of 1893. He produces receipts showing taxes paid by him for 18 years, and 4 checks for $500 each and one for $250 from defendant to the testator, dated in 1907, 1908, 1910, 1913, and 1914, which were received in evidence. It appears that such payments had been continued for about 18 years. It is not shown who actually paid the notes or procured the release of the $10,000 mortgage, on maturity of final instalment, March 1, 1896. Defendant has made lasting improvements, found by the trial court to be worth $18,000. Testator made a will about 1901, and three others since that time, in which he devised the undivided half of the land in question.

The record affords no light on defendant's failure to get a deed from his father. They lived at no great distance apart, and there is no suggestion of any estrangement between them, and no satisfactory explanation is given of the conduct of the testator in disposing by will of the lands claimed by the defendant. The provisions of the will gave the defendant about 120 acres of land, and half of the residue of the estate, which, as shown by the order of distribution, was about $2,200.

The will in question contained the following:

"Third. I desire that my daughter, Josephine Nitz, and my son, Harry Widman, shall each have 40 acres out of the land which I own jointly with my son William, same to be of the average value of the entire tract, and I

therefore give and devise to said daughter and son forty acres each of said land.

"Fourth. The balance of my property, whether the same be real, personal or mixed, I give, devise and bequeath to my sons John and William, in equal shares."

"Sixth. Should my son William die before I do, then the part devised to him herein shall be divided in equal shares among my other children. The share and interest devised to my daughter Josephine Nitz by this instrument shall descend to her during her lifetime only, and after her death in equal shares to her children.

"Seventh. I am not forgetting the children of my deceased daughter, Martha, but as they have had considerable from my estate heretofore, I do not wish to make any further provision for them herein. This is also the reason no greater amounts are given to my son Harry, and my daughters Josephine and Emma."

Defendant contends that the minor plaintiffs are not entitled to unite with the life tenant in prosecuting the partition suit, because it is uncertain how many, if any, of them may survive the life tenant, who, also, may have given birth, at the time of her death, to other children who survive her.

The recital of the will, "and after her death in equal shares to her children," contemplates the possibility of the birth of other children. The estate in remainder vested in the living children of Josephine Nitz at the date of the testator's death, but subject to open and let in any after-born children of said Josephine Nitz in being before the time appointed by the will for distribution. *Webber v. Jones,* 94 Me. 429; *McLain v. Howald,* 120 Mich. 274; *Forest Oil Co. v. Crawford,* 77 Fed. 106; 28 R. C. L. 265, sec. 242.

The defendant further contends that the petition of the life tenant and the remaindermen by their next friend conferred no power upon the court to confirm the shares of the several parties, or to order partition. Under the will Josephine Nitz had a right to immediate possession

of her portion of said land, and to maintain an action for its partition. She is a tenant in common with the defendant. The general rule now is that every cotenant may demand partition as a matter of right, however inconvenient or injurious it may be to make it, or whether the title of the parties be legal or equitable, if there is a present right of possession. 20 R. C. L. 743, sec. 27; Freeman, Cotenancy and Partition (2d ed.) sec. 455; *Carneal v. Lynch*, 91 Va. 114.

Although the minor plaintiffs in this case had no present right of possession, they were proper parties, for the purpose of preserving and protecting their estate from the danger of total loss by reason of defendant's right to contribution of plaintiff's proportion of the value of extensive improvements upon the premises. Section 7588, Rev. St. 1913, provides: "The action of an infant must be brought by his guardian or next friend. When the action is brought by his next friend, the court has power to dismiss it, if it is not for the benefit of the infant; or to substitute the guardian of the infant, or any person, as the next friend." Since the plaintiff Josephine Nitz had the right to maintain this proceeding, without the consent of said minors, the defendant cannot be heard to complaint that they are in court. By permitting the case to proceed on their behalf by their next friend, the court practically said it was for the minors' benefit. Under the peculiar provisions of the will, and the attending conditions surrounding the property involved, we cannot say that the court was without power to order partition, as prayed, of the plaintiffs' combined estates. In this case we are not unmindful of the provisions of section 1652, Rev. St. 1913.

The trial court doubtless anticipated that from a tract of upwards of 300 acres a partition could be made in kind, awarding plaintiffs their share in such proportion as to free it from charge for existing improvements, and also avert the costly expense attending sale, together with the necessity of protecting the estate in remainder

Nitz v. Widman.

by a bond for a long period of years.

An examination of authorities cited in defendant's brief discloses that they are either in harmony with the law as recognized in this opinion or that they are not applicable to this case. In the main they are to the effect that one of several tenants in common cannot, as against his cotenants, make a transfer by metes and bounds of a portion of the common land.

By the will in this case, each devise was spread throughout the whole tract. It varied the quantity and character of estates created, but gave no particular or specific part of the land to any devisee.

The judgment and order of the district court was right, and is

AFFIRMED.