ZOREDA D. DE WITT, APPELLANT, v. FRANK SEARLES ET AL., APPELLEES.

FILED APRIL 22, 1932. No. 28070.

*M. F. Harrington* and *George M. Harrington,* for appellant.

*J. A. Donohoe, contra.*

*W. J. Hammond,* guardian *ad litem.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

EBERLY, J.

This is an appeal by the plaintiff, Zoreda D. De Witt, from a decree of the district court for Holt county denying specific performance of a land contract.

By appropriate pleadings, plaintiff alleged her seisin of the premises in suit, the execution of the contract by the defendant Searles, the full performance of its terms by the plaintiff, and the refusal of the defendant to perform.

The answer of the defendant is so framed as to raise the question of the merchantability of the plaintiff's title

so far as it is affected by the provisions of the last will of Viola S. Mullihan, deceased, which, together with the probate proceedings admitting the same to probate, is fully set forth therein. The defendant's contention is that plaintiff's title is not merchantable; that under the provisions of this will interests and estates are created which still exist in George Abel De Witt, Merle Eliel De Witt, and William Glen De Witt, minor children of the plaintiff; and that the plaintiff in truth is the owner of only a life estate in the real estate in suit.

Subsequently a guardian *ad litem* was appointed for the minors named, whose answer tenders issues substantially identical with those set forth in defendant's pleading. To these pleadings plaintiff filed replies. There was a trial to the court resulting in a finding for the defendant, determining that plaintiff possessed a life estate only; that subject to this life estate an estate in remainder was vested in the minors named, and judgment was entered dismissing plaintiff's action. Plaintiff appeals and the cause is here for trial *de novo*.

There is no substantial dispute as to facts, and such as are necessary to understand our conclusion will be stated in the course of this opinion.

At the time of her death, which occurred on the 27th day of July, 1922, Viola S. Mullihan was the owner in fee simple of the premises in suit. She left a last will and testament which was thereafter duly admitted to probate on the 11th day of January, 1924, in the county court of Holt county, Nebraska. This will contained, among others, the following provisions:

"Third. I devise and bequeath to my said beloved daughter, Zoreda D. De Witt, the use, during her lifetime, of all real estate which I shall own, and possess at the time of my death. She is not to be the owner of this land, but is entitled to the use of it exclusively for herself so long as she shall live, but she is not to have the power to sell or dispose of it or to devise it by will.

"Fourth. The said Zoreda D. De Witt now has one child living, but realizing that there may be other children

born of her body, I hereby give, devise and bequeath to such children of said Zoreda D. De Witt as may be living at the time of her death all real estate which I shall own and possess at the time of my death, and said children are to take the said real estate absolutely and in fee simple upon the death of said Zoreda D. De Witt, but are not to have the use of it during the lifetime of said Zoreda D. De Witt. If said Zoreda D. De Witt shall have no children living at the time of her death, then I give and devise all of my real estate to my sisters, Hannah S. Phillips and Cora B. Roderick, share and share alike, and if either of said sisters shall die before Zoreda D. De Witt dies, then the share that should go to such sister of mine shall go to and descend to her heirs at law."

It further appears that at the date of the death of the testatrix there had been born to the plaintiff the following children, which still survive, viz., George Abel De Witt, Merle Eliel De Witt and William Glen De Witt, whose ages at the time of the trial in the district court were respectively, twenty, eighteen and sixteen years. Zoreda D. De Witt was, as the daughter of the deceased, her sole heir at law.

The plaintiff thus derives her title to the land in suit solely from Viola S. Mullihan. It is claimed in her behalf that the effect of the fourth provision of the will, hereinbefore quoted, is to create a contingent remainder in favor of the devisees therein named, but which is wholly void, so that the plaintiff as devisee named in the will, and as sole heir of her mother, succeeds to the fee title of the land in suit, wholly unaffected by the limitations of the will.

Contingent remainders, however, are not necessarily void.

"Though law favors vesting of estates, and looks with disfavor on postponement of vesting of title, nevertheless contingent remainders are lawful, and, if a testator by unambiguous language creates a contingent remainder, court must uphold it." *Hackleman v. Hackleman*, 88 Ind. App. 204.

The law permits the vesting of an estate or interest, and also the power of alienation, to be postponed for the period of a life or lives in being, and twenty-one years thereafter, to which, in a proper case, may be added the period of gestation. It is only when postponed for a longer period that it is obnoxious to the rule against perpetuities, and the devise or grant is void. *Andrews v. Lincoln*, 95 Me. 541.

"In deciding the question of remoteness, the state of circumstances at the date of the testator's death, and not their state at the date of the will, is to be regarded. Thus, if a testator bequeaths money in trust for A for life, and after his death for such of his children as shall attain the age of twenty-five, the latter trust would be void if the testator were to die before A; yet if A should die before the testator leaving children, of whatever age, the trust will be good, since it must of necessity vest or fail within lives in being, viz., the lives of the children." 1 Jarman, Wills (7th ed.) 271. See, also, *McArthur v. Scott*, 113 U. S. 340.

Conceding only for the purpose of discussion that the fourth paragraph of the will here presented created a contingent remainder for the benefit of the "children of said Zoreda D. De Witt as may be living at the time of her death," what fact, if any, invalidates it in view of the surrounding circumstances as they existed at the time of the death of the testator?

"The rule against perpetuities is usually stated as prohibiting the creation of future interests or estates which by possibility may not become vested within a life or lives in being and twenty-one years, together with the period of gestation when the inclusion of the latter is necessary to cover cases of posthumous birth. * * * Still another method of stating the rule is by describing it as prohibiting future interests which may not vest within twenty-one years after some life in being at the testator's death or the execution of the instrument creating future interests." 21 R. C. L. 282, sec. 2.

In the instant case Zoreda D. De Witt was "in being" when the testatrix died; her children, the three minor defendants, were then living. In accordance with natural law, when Zoreda D. De Witt departs this life, all possibility of any further children "born of her body" cannot be deemed obnoxious to the rule as to perpetuities. Indeed this question is in principle so determined in *Bunting v. Hromas*, 104 Neb. 383.

It follows, if the plaintiff is correct in denominating the estate created for the benefit of the children of Zoreda D. De Witt a "contingent remainder," it must be deemed a valid remainder which, outstanding and unbarred, must necessarily destroy the merchantability of the title possessed by her.

There is no dispute between the parties to this litigation that the provisions of the will in suit purport to, and that it was the intention of the testatrix to, create an estate in remainder. The estate so created must of necessity be, therefore, either a contingent or a vested remainder. A remainder vested in the minor children would of course likewise destroy the merchantable character of the title just as we have seen a valid contingent remainder operates so to do.

Plaintiff insists that a contingent remainder and not a vested remainder is created by the language employed in the will, and in an able brief cites numerous cases from the appellate courts of other states in support of her position. However, a Nebraska statute provides that courts in construing an "instrument creating or conveying * * * any real estate, or interest therein, it shall be the duty of the courts of justice to carry into effect the true intent of the parties, so far as such intent can be collected, from the whole instrument, and so far as such intent is consistent with the rules of law." Comp. St. 1929, sec. 76-109.

So, too, by the Nebraska statutes it is provided in substance that every devise of land in any will hereafter made shall be construed to convey all of the estate of the devisor therein which he could lawfully devise, unless it

shall fairly appear by the will that the devisor intended to convey a less estate. *Peters v. Northwestern Mutual Life Ins. Co.*, 119 Neb. 161. According to this legislative test, it is the duty of the court to give to each word and each sentence in the will such significance as will carry into effect the true intent of the testator. *Reuter v. Reuter*, 116 Neb. 428; *In re Estate of Combs*, 117 Neb. 257; *Heiser v. Brehm*, 117 Neb. 472; *Peters v. Northwestern Mutual Life Ins. Co.*, 119 Neb. 161.

In the light of these statutory provisions and in reply to arguments of a nature similar to those here employed, Day, J., in *Bunting v. Hromas*, 104 Neb. 383, employed the following language: "At the outset of the case, and as a basis for our determination of the question involved, it is necessary for us to construe this singularly phrased will. The decisions of the courts are numerous as to the legal and technical meaning of the words usually employed in wills, and in some of the states some fine distinctions and refinements have been made. These decisions are of but little value in this state in the construction of wills, as we are now committed to the doctrine that the intention of the testator is to be ascertained from a liberal interpretation and comprehensive view of all of the provisions of the will. No particular words or conventional forms of expression are necessary to make a valid will. The court without much regard to canons of construction or technical language will place itself in the position of the testator, ascertain his will, and enforce it in all its parts, if it be lawful to do so. *Weller v. Noffsinger*, 57 Neb. 455; *Grant v. Hover*, 103 Neb. 730."

This view, long existing at the time of the statement quoted, has never been materially departed from in this tribunal. *Hiles v. Benton*, 111 Neb. 557; *Reuter v. Reuter*, 116 Neb. 428; *In re Estate of Combs*, 117 Neb. 257; *Heiser v. Brehm*, 117 Neb. 472; *Peters v. Northwestern Mutual Life Ins. Co.*, 119 Neb. 161.

And with reference to "rules of law," as employed in the statute referred to, we have construed this term as not including rules of construction formerly recognized

and followed at common law which would be in conflict with the "very rule of construction sought to be established by the statute, for this would be a *felo de se.*" *Hiles v. Benton*, 111 Neb. 557.

So, too, without further discussion, it may also be said that the terms, "base or determinable fee," "executory devise," "vested remainder," "estate in remainder," and "contingent remainder," when used in construing wills and in describing interests in devised property, are satisfactorily defined and employed in *Wilkins v. Rowan*, 107 Neb. 180, and that any further discussion of these subjects involving the repetition of definitions is here deemed unnecessary. *Davis v. Davis*, 107 Neb. 70.

Addressing ourselves to the facts of this case, it is quite apparent that for the purpose of the will the testatrix divided her real property into two estates. One was strictly a life estate, which she devised to her daughter, Zoreda D. De Witt. It is definitely described. The exercise of any power or dominion over the real property save such as are incident to proper enjoyment of a life estate are expressly denied to the daughter by the terms of the will. No one questions the fact that the life estate vested in the daughter on the death of the mother, although that event was not specifically mentioned in the will as the date of the vesting of her title. After devising the life estate, a definite estate known in law as "a remainder" was all that remained subject to testamentary action. The disposition of this estate was a vested right of the testatrix, and upon it being lawfully devised, then and not until then all her testamentary rights of alienation of this property had been exercised in the maximum degree. Certainly the language here justifies the conclusion that it was the intent of the testatrix to confer every possible enjoyment of the real estate upon her daughter and her daughter's children. Pursuant to our statute it becomes the duty of this court to construe any devise of this estate in remainder, by the testatrix, as conveying all her interests therein to the devisee designated or described, which could then be lawfully conveyed and devised by her, viz., a vested re-

mainder, unless it shall clearly appear by the will itself that the devisor intended to will a less estate.

In applying this conclusion to the fourth paragraph of the will in suit, it is to be remembered that George Abel De Witt, son of the plaintiff, was *in esse* at the time the will was executed and is referred to therein, and that all the minor defendants were alive at the date of the death of the testatrix. The will speaks from her death. The reasons of the testatrix occasioning the employment of the peculiar language found in this paragraph is stated by her at length in its opening words: "The said Zoreda D. De Witt now has one child living, but realizing that there may be other children born of her body, I hereby give, devise," etc. The language quoted evidences, not the contemplation by the testatrix of the death of the then living child, or of any child subsequently born, but rather the possible increase of those who it was her intention should be equally the objects of her bounty. The language employed and the form of the will thereafter set forth must be deemed intended to meet the contemplated situation, and effectuate the expressed desires of the testatrix. In effect a class was created embracing all children born or to be born to the life tenant. Referring to this class so created the will in suit recites: "Said children are to take the said real estate absolutely and in fee simple * * *. but are not to have the use of it during the lifetime of said Zoreda D. De Witt." This language imports the vesting of a present estate in "said children" with the right of possession and enjoyment deferred. Indeed, if such is not its effect the portion thereof reserving the use to the life tenant during her life has no force and effect. But the testatrix employed this language. She intended it to have force and effect. And as already set forth, this court is required to give each word and each sentence in the will such significance as will carry into effect the true intent of the testatrix.

Nor is this conclusion to be modified or rejected because of the employment in the same paragraph of the will of the phrases "as may be living at the time of her

death," and "upon the death of said Zoreda D. De Witt."

Testators are ordinarily and primarily concerned in the commencement, continuance and termination of the enjoyment of property by them devised and bequeathed. Apart from statute, the weight of authority recognizes this fact, and, when a contrary intent is not clearly expressed, construes such expressions as "upon the death of" as, in effect, related to and affecting the enjoyment of property, rather than establishing and vesting technical estates and involved titles. This court is committed to the doctrine that, under the circumstances here presented, the words last referred to do not mean that the life estate and the estate in remainder shall not vest at the death of the testatrix, but rather that "upon the death of said Zoreda D. De Witt" refers to time when, subject to the rights of the life tenant, the enjoyment of the estate in remainder begins. *Davis v. Davis,* 107 Neb. 70.

So, too, as an alternative construction, it is suggested that, taking the force and effect of the language of the will to vest in "said children" a vested estate in remainder in the lands devised, their title, during the life of the mother, in view of the other provisions of the will, amounts to a base or determinable fee, defeasible on a condition subsequent, with right of possession and enjoyment deferred The words of the testatrix that "said children are to take the said real estate absolutely and in fee simple upon the death of said Zoreda D. De Witt" are wholly consistent with the vesting of such a present estate in remainder at the death of the testatrix, and express merely the intention and purpose that upon the death of the life tenant "said children" shall enjoy the possession and use absolutely of the devise, and that their defeasible title theretofore existing, by the full performance of the condition, shall then be and become a full, complete, and perfect title "in fee simple."

The words of the will, "as may be living at the time of her death," in view of the context and the expressed intention of the testatrix, cannot be deemed controlling

in the determination of the nature of the remainder created. Similar words were construed by this court in *Davis v. Davis,* 107 Neb. 70, and the remainder adjudged to be vested, and not contingent.

At least, in the instant case, it may fairly be said that, construing the will as an entirety, giving full force and effect to our statute, it does not clearly appear that the devisor intended thereby to create a contingent remainder, and therefore it will be construed as vesting a present estate in remainder in the children of the life tenant *in esse* at the death of testatrix as a class, subject to be opened up to let in children of the life tenant, if any, born subsequent to the death of the testatrix.

It thus appearing that plaintiff, at the time of entering into the contract of sale in suit, and at the time of the trial of this cause in the district court, was vested with a life estate only in the land in controversy, the action of the district court in dismissing her case was correct, and is

AFFIRMED.