PAUL H. GILLAN V. GRACE BUNCE WILSON, APPELLANT: ELLEN G. WILSON ET AL., APPELLEES.

FILED MAY 19, 1933. No. 28476.

*Drake & Drake* and *William Niklaus,* for appellant.

*R. O. Canaday,* guardian *ad litem, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY,. DAY and PAINE, JJ.

EBERLY, J.

This was an action in equity by plaintiff to foreclose a lien for taxes acquired upon real estate described in plaintiff's petition, through a purchase at a public sale duly held by the county treasurer of Adams county. In this proceeding Grace Bunce Wilson filed her separate answer and cross-petition, in substance denying generally the allegations of plaintiff's petition; and, for her cross-petition, setting forth the ownership of the property involved in the litigation in her father, Charles Bunce; alleging his death, testate, while owner thereof, leaving Grace Bunce Wilson, his sole surviving child, as his only heir; that specified portions of deceased's will, though admitted to probate by a court of competent jurisdiction, were void; that defendants Ellen G. Wilson aged 17, Florence Louise Wilson aged 16, and Mary Alice Wilson aged 14, were the issue of this answering defendant and her codefendant, Wade Wilson, her husband, and. were all born more than five years after the death of Charles Bunce, her father; that upon the death of her father, due to the then invalidity of specified portions of his will, she became owner in fee of the premises involved in this suit, and that the void provisions of her father's will operate to cloud the title vested in her, and render the same practically unmerchantable; and prays that the court interpret said will, and determine in whom the title to said premises is vested.

The minor children above named, by Wade Wilson, their father, natural guardian and next friend, as their answer, in addition to a general denial of the allegations contained in plaintiff's petition, set forth that Charles Bunce died seised of the land described in plaintiff's petition, and left a will, "which was duly probated, whereby and wherein these answering defendants were named remaindermen, thereby vesting the fee in these three defendants" of the lands referred to; also setting forth the adverse claims of their mother to such real estate, and facts alleged to show the necessity of procuring a loan to pay the tax lien foreclosed, and praying for license to incumber the property for such purpose. A guardian *ad litem* was also appointed, whose answer embraced a general denial of the allegations of all parties pleading in said cause, and asked that title be quieted in the minors subject to a life estate in their mother, and for other relief.

Reply was filed. The cause was tried to the court, who found for plaintiff and the defendant Pipe Line Company, and entered a judgment of foreclosure and sale of the tax lien; and the court further found that Grace Bunce Wilson was vested with a life estate only in the premises in suit, and "that the remainder in fee simple is in the children of Grace Bunce Wilson which shall survive her," and entered judgment dismissing the cross-petition of Grace Bunce Wilson.

Grace Bunce Wilson alone filed a motion for a new trial, and from the adverse order of the trial court thereon she only appeals.

Appellant in this court in no manner attacks plaintiff's decree. It may be said that the determining question is the validity and the legal effect, if valid, of the last will and testament of Charles Bunce, deceased.

This will, in so far as formal requisites are concerned, is in usual form, and the following provisions thereof are challenged by the appeal:

"Second, I do hereby give, devise and bequeath to my daughter, Grace Bunce of Hastings, Adams county, Nebraska, the following described real property to wit: (description) all in Adams county, Nebraska, to have and to hold for her use for the period of her natural lifetime, without power to alienate or incumber the same.

"Third, If my daughter, Grace Bunce, shall marry and leave surviving her any child or children, then and in that case I devise all of the above described real property, in fee simple, absolutely to said child or children share and share alike as tenants in common, but if said child or any of said children shall die leaving a child or children surviving them, said share shall not lapse, but shall go to the said survivor or survivors of said deceased, but if such deceased shall not leave surviving him or her any child or children, then said share shall lapse, and shall go in equal shares to the surviving children of the said Grace Bunce, if any."

By the sixth paragraph of this will Grace Bunce was made residuary legatee.

It appears from the evidence that Grace Bunce was unmarried at the time of the death of her father; that the will was duly admitted to probate on August 18, 1908; that subsequent thereto she intermarried with defendant Wade Wilson, and that the three minor defendants are the issue of such marriage.

Appellant contends that, since there were neither remaindermen, nor prospects of any, at the time of the death of the testator, and for over five years thereafter, the attempted gift of the remainder over after her death was a contingent remainder, and therefore void; and that the title thereupon vested absolutely in appellant. Thus, the title of Grace Bunce Wilson, under the provisions of the will in controversy, is the sole question for our consideration.

Contingent remainders, however, are not necessarily void. Ordinarily, it is only when, in attempting to create

them, the rule against perpetuities is violated that they are to be determined invalid.

"Although the law favors the vesting of estates, and looks with disfavor on the postponement of the vesting of title, nevertheless, contingent remainders are lawful, and if a testator, by unambiguous language, creates a contingent remainder, it is the duty of the court to uphold it." *Hackleman v. Hackleman,* 88 Ind. App. 204.

"The law permits the vesting of an estate or interest, and also the power of alienation, to be postponed for the period of a life or lives in being, and twenty-one years thereafter, to which, in a proper case, may be added the period of gestation. It is only when postponed for a longer period that it is obnoxious to the rule against perpetuities, and the devise or grant is void. *Andrews v. Lincoln,* 95 Me. 541. 'In deciding the question of remoteness, the state of circumstances at the date of the testator's death, and not their state at the date of the will, is to be regarded. Thus, if a testator bequeaths money in trust for A for life, and after his death for such of his children as shall attain the age of twenty-five, the latter trust would be void if the testator were to die before A; yet if A should die before the testator leaving children, of whatever age, the trust will be good, since it must of necessity vest or fail within lives in being, viz., the lives of the children.' 1 Jarman, Wills (7th ed.) 271. See, also, *McArthur v. Scott,* 113 U. S. 340." *De-Witt v. Searles,* 123 Neb. 129, 132.

Conceding for the purpose of discussion that the paragraph of the will quoted created a contingent remainder in favor of the children of Grace Bunce, in the event of her marriage and death leaving children surviving, what fact or facts, if any, invalidate such provision?

"The rule against perpetuities is usually stated as prohibiting the creation of future interests or estates which by possibility may not become vested within a life or lives in being and twenty-one years, together with the period of gestation when the inclusion of the latter is

necessary to cover cases of posthumous birth. * * * Still another method of stating the rule is by describing it as prohibiting future interests which may not vest within twenty-one years after some life in being at the testator's death or the execution of the instrument creating future interests." 21 R. C. L. 282, sec. 2.

In accordance with natural law, it is patent that, upon the death of Grace Bunce, the remaindermen, if any there existed, would be definite and certain. This would constitute a complete compliance with the rule against perpetuities, and the provisions of the will objected to are valid beyond question. This in principle was recognized by this court in *Bunting v. Hromas*, 104 Neb. 383. See, also, *DeWitt v. Searles*, 123 Neb. 129; *Hill v. Hill*, 106 Neb. 17; *Wilkins v. Rowan*, 107 Neb. 180.

It follows that the provisions of the will in controversy are valid, and vest in Grace Bunce Wilson a life estate only in the premises in suit, and that the third paragraph of the last will of Charles Bunce, deceased, must be deemed in all respects valid as to the minors hereinbefore named.

The findings and judgment of the district court, appealed from, are therefore correct, and are

AFFIRMED.