GEORGE H. TIEHEN ET AL., APPELLANTS, V. FRANK A. HEBENSTREIT, EXECUTOR OF THE ESTATE OF MARY E. TIEHEN, DECEASED, ET AL., APPELLEES.

42 N. W. 2d 802

Filed May 25, 1950. No. 32780.

*John C. Mullen,* for appellants.

*Kennedy, Holland, DeLacy & Svoboda, Frank A. Hebenstreit, James R. McGreevy, Archibald J. Weaver, John H. Wiltse,* and *Paul P. Chaney,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

Simmons, C. J.

This is an action to quiet the title to property based on the proposition that provisions of a will violate the rule against perpetuities. Beneficiaries of the will are made parties. Issues were made and trial was had resulting in a decree denying the relief sought. Plaintiffs appeal. We affirm the judgment of the trial court.

Mary E. Tiehen died testate on May 18, 1948. Mrs. Tiehen, hereinafter referred to as the testatrix, was the mother of three children, George, John, and Catherine. They will be referred to hereinafter by their given names. Catherine predeceased her mother, leaving one child, Howard Milton Sears, Jr., who was living at the date of the death of testatrix. John is the father of five children, all of whom were living at the date of the death of testatrix, and two of whom are minors. George is the father of two children, both of whom were living at the time of the death of testatrix and are minors.

The will of testatrix was admitted to probate on June 19, 1948. No appeal was taken and the decree has become final.

By the terms of her will, including a codicil, testatrix made two specific bequests which are not involved in this litigation.

By paragraph Tenth of her will she nominated F. A. Hebenstreit as executor and trustee of her will.

By paragraph Third she devised all her property to her executor to be held in trust for the purposes named in the will, with general powers of handling and sale, the time and manner being left to his discretion.

By paragraph Fourth she directed the executor and trustee to manage the estate, keep the funds invested in certain classes of securities, "* * * and from the proceeds of said sale or the net earnings from said land or the net interest income from said investments the said trustee shall pay and distribute the corpus of the estate and the income therefrom as follows:

"A. To my beloved grandson, Howard Milton Sears, of Monrovia, California, the sum of $1200.00 per year until a full 33⅓ per cent of the net estate has been distributed to the said Howard Milton Sears.

"B. To my beloved son, George H. Tiehen, the sum of $1200.00 per year until a full 33⅓ per cent of the net estate has been distributed to the said George H. Tiehen.

"C. To my beloved son, John Thomas Tiehen, the sum of $1200.00 per year until a full 33⅓ per cent of the net estate has been distributed to the said John Thomas Tiehen."

By paragraph Fifth she provided: "I do further will and direct that if and in the event that the said Howard Milton Sears dies before the full one-third of my said estate is paid to him, then in that event the balance of his distributive share shall go to Howard M. Sears, Sr., the father of the said Howard Milton Sears, and such distribution shall be made in the same manner and in the same amount as is herein directed for the payment of monies to the said Howard Milton Sears. That in the event of the death of the said Howard M. Sears, Sr.; father of the said Howard Milton Sears, before the full amount of said distributive share is paid, then in that event the remainder of his share of said estate shall be paid to St. Peters and Pauls Catholic Church of Falls City, Nebraska; that if and in the event of the death of my son, George H. Tiehen before the full one-third of my estate is paid to him, then in that event the residue thereof shall be paid to the children of the said George H. Tiehen or the survivor of them, and such distribution shall be made in the same manner and in the same amount as is herein directed for the payment of monies to the said George H. Tiehen; that if and in the event of the death of my son, John Thomas Tiehen, before the full one-third of my estate is paid to him, then in that event the residue thereof shall be paid to the children of the said Thomas

Tiehen or the survivor of them, and such distribution shall be made in the same manner and in the same amount as is herein directed for the payment of monies to the said John Thomas Tiehen."

By paragraph Seventh she provided: "It is further provided that if all of the children of the said George H. Tiehen shall die before the full amount of said trust fund is distributed to them then in that event the balance, if any, on hand shall be paid to St. Peters and Pauls Catholic Church of Falls City, Nebraska; and in the event all of the children of the said John Thomas Tiehen shall die before the full amount of said trust fund is distributed to them, then in that event the balance, if any, on hand shall be paid to St. Peters and Pauls Catholic Church of Falls City, Nebraska."

Sts. Peter and Paul Church of Falls City, Nebraska, will be referred to herein as the church.

By paragraph Sixth she provided that neither the principal nor the income of the trust estate should be liable for the debts of any beneficiary, or subject to seizure or attachment or garnishment, and that no beneficiary should have the power to dispose of his or her interest in the trust estate.

By paragraph Eighth she gave directions as to the payment of the annual amounts, and in the event of the death of either of her sons during the period of the trust, she directed the payment of funeral expenses and expenses of the last sickness out of the residue of their respective shares.

By paragraph Ninth she gave her executor broad powers in the management of the property during the life of the trust.

George and John bring this action seeking to quiet title to the property in them on the theory that under the provisions of the will hereinabove quoted they were each devised a one-third interest in this estate; that the provisions of the will above quoted limiting the estate as to them are violative of the rule against perpetu-

ities and hence void; and that the property either passed to them under the will in fee or as intestate property. They do not contend that the provisions of the will insofar as it relates to the share of Howard Milton Sears is void as against the rule. The adult children of John answered and joined in the prayer of plaintiffs' petition.

The minor children of the plaintiffs, by guardian ad litem, answered, taking the position that the provisions of paragraph Seventh of the will are void as in violation of the rule against perpetuities. They contend that it does not follow that the entire will falls, but rather that the status of plaintiffs remains unchanged, and that the trust continues as to each one-third until the death of each of the plaintiffs, when the corpus of each share of the estate vests in the children of the plaintiff then deceased, free of the devise to the church.

Hebenstreit, as executor and trustee, answered and prayed for dismissal.

The church answered, setting up that it is a religious corporation under the law of this state and setting out its corporate name, plaintiffs having pleaded that it was a corporation. The church prayed for dismissal of the action.

Howard Milton Sears, by guardian ad litem, answered, asking for strict proof.

At the outset it is necessary that we construe this will. Plaintiffs submit arguments based upon particular provisions and contentions that may or may not arise in the administration of its provisions.

The rule is that in the construction of a will the court is required to give effect to the true intent of the testator so far as it can be collected from the whole instrument if such intent is consistent with law. Brandeis v. Brandeis, 150 Neb. 222, 34 N. W. 2d 159, and decisions there cited.

What then is that intent as gathered from the whole

instrument? We undertake to determine that intent only insofar as is necessary to determine the basic question here presented, namely, do the provisions violate the rule against perpetuities and, if so, what is that effect.

The testatrix placed her estate in trust and used that instrumentality to accomplish her intent and purpose. After specific bequests she provided that her estate, so held in trust, be in effect divided into three parts. The benefits of each one-third part are to go initially to her two living sons and to the child of a deceased daughter. She provided a substantial income for each of them during their lives, so far as her estate permitted. Recognizing that death might come to any of the three before they had received the full one-third of the body of the estate, she provided for the disposition of the residue, if any. In the case of the grandson Sears, the residue was to be distributed to his father in the same manner and in the same amount as it had been paid to the grandson. In like manner she provided that if, upon the death of George, the full one-third of the estate had not been paid to him under the terms of the will, the residue should be paid to his children or the survivor of them in the same manner and in the same amount as it had been paid to George. As to the other third she made a like provision as to the children of John.

Recognizing that death might come to each of the initial beneficiaries and the successor beneficiaries before the one-third part so set aside had been fully paid out, the testatrix provided that the residue, if any, be paid to the defendant church. Such we think is patently the over-all intent of the testatrix as found in the will.

The question then comes, do the provisions relating to the children of John and George violate the rule against perpetuities?

The plaintiffs and the guardian ad litem of the minor

children rely first upon the rule that "In determining whether a given case is within or without the rule against perpetuities, the court is guided by what is possible to occur under the will, rather than what did occur." Bunting v. Hromas, 104 Neb. 383, 177 N. W. 190. They also rely upon the law as stated in the same opinion that the longest possible period for vesting an executory estate is the life or lives in being and 21 years thereafter, to which may be added the ordinary period of gestation.

Plaintiffs and the guardian argue that it is possible that either John or George, or both of them, may beget an additional child or children, and that such afterborn children would come within the terms of the will, and hence the above rule as to vesting would be violated. The guardian further argues that the identity of the members of the class would be determined as of the date of the death of each of the sons.

We have stated the rules applicable to and which solve the questions here presented.

There is a contention here that testatrix by the provisions of paragraph Fourth gave her entire estate to her two sons and grandson in fee simple, and that subsequent provisions of the will are ineffective. This contention is answered in Tucker v. Heirs of Myers, 151 Neb. 359, 37 N. W. 2d 585, wherein we held: "The general rule in this state is that, in construing a will, where the will in one clause makes an apparently absolute bequest of property, but a subsequent clause makes a further bequest of the remainder after the death of the legatee taking under the first clause, the two clauses are to be construed together to ascertain the true character of the estate in fact granted by the first clause; and in such case, contrary to the ancient rule at common law, the second clause is effective and operates to define and limit the estate granted by the first as a life estate with power of disposition, and the second is effective and operative to grant an estate in remain-

der in the unused, unexpended, or undisposed property granted for life by the first." We have followed this rule so far as applicable in construing the will as hereinbefore stated.

"A will speaks as of the date of the death of the testator." Brandeis v. Brandeis, *supra.*

The rule also is: "The law favors the early vesting of estates, and a remainder will be declared a vested one unless a contrary intent is apparent from the will." Brandeis v. Brandeis, *supra.*

We find nothing in the will to indicate an intent contrary to a vested remainder. Hence we hold that the remainders set up in this will are vested remainders.

This brings us then to the provisions of paragraph Fifth and the remainders given to "the children * * * or the survivor of them" of George and John. The word "children" as used here is a bequest or devise to a class. " 'Since a will speaks from the date of the testator's death, the number of the class will, in the absence of anything in the will showing a contrary intention, be determined upon the death of the testator.' " Lacy v. Murdock, 147 Neb. 242, 22 N. W. 2d 713.

As we said in Lacy v. Murdock, *supra,* we find nothing in the will which in any way defines, explains, interprets, or qualifies the word "children." Unexplained and given its ordinary meaning, it refers to the children of George and John living at the date of the death of the testatrix.

We are mindful of such cases as Nitz v. Widman, 106 Neb. 736, 184 N. W. 1,72; DeWitt v. Searles, 123 Neb. 129, 242 N. W. 370; Gillan v. Wilson, 124 Neb. 893, 248 N. W. 646; and Drury v. Hickinbotham, 129 Neb. 499, 262 N. W. 37, where the language of the will showed an intent to permit the opening of the class so as to let in afterborn children. We find no such language in this will.

The rule against perpetuities provides that the longest possible period for vesting of an executory estate

is the life or lives in being and 21 years thereafter, to which may be added the ordinary period of gestation. Bunting v. Hromas, *supra;* Gillan v. Wilson, *supra;* Restatement, Property, § 374, p. 2176; 41 Am. Jur., Perpetuities and Restraints on Alienation, § 3, p. 50; 48 C. J., Perpetuities, § 4, p. 937.

We are mindful of the clauses in the will referring to the children "or the survivor of them." We do not here construe the effect of that language, save to point out that "The fact that a limitation is in favor of a class causes no invalidity under the rule against perpetuities, when, under the language and circumstances of such limitation, the ability of the class to increase in membership is absent and the ability of the class to decrease in membership is certain to end within the maximum period * * *." Restatement, Property, § 388, p. 2282.

It accordingly follows that the provisions of the will insofar as they relate to a remainder over to the children or the survivor of them of George and John do not in any way violate the rule against perpetuities.

There remains the question insofar as it relates to the residuary remainder to the church. Applying the above rules to those provisions it necessarily follows that those remainders became vested at the time of the death of the testatrix. The time of the possession and enjoyment only is postponed.

We have examined the other contentions of the appellants. Most of them fail because they are bottomed on the contention that the will violates the rule against perpetuities. Those not in that classification have been examined. It is not found necessary to determine them as within the issues presented here.

The judgment of the trial court is affirmed.

AFFIRMED.