IN RE ESTATE OF EMMA BAKER, DECEASED.
FONNIEL WEHRER ET AL., APPELLEES, V. CARL A. BAKER ET AL., APPELLANTS.
72 N. W. 2d 844
Filed November 4, 1955. No. 33795.

*Kenneth M. Olds* and *Thomas L. Grady,* for appellants.

*H. D. Addison* and *Greydon L. Nichols,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is a suit involving the construction of the residuary clause of the will of Emma Baker, deceased, who died on March 12, 1954. The trial court found that the appellees were entitled to share in the estate by representation, they being children of deceased children of the testatrix who had died prior to the execution of the will. The appellants, the children of Emma Baker living at the time the will was made, have appealed.

The residuary clause of the will provides: "All the rest, residue and remainder of my estate which I now have or may hereafter become possessed of I give, devise and bequeath to my children to be theirs absolutely, share and share alike. Should any of my said children die before my death leaving issue the interest of such child shall go to his issue by right of representation."

The controlling facts are not in dispute. The testatrix was the mother of nine children, five of whom were living on the date the will was executed on June 29, 1951, and who were also living on the date of her death. These five children are the appellants in the present appeal. On the date the will was executed, four children of the testatrix were dead, to-wit: Marguriete B. Mulvey, a daughter who left surviving a daughter, Gwendolyn Bentzien, and a son, Tracy Mulvey. Wendell A. Baker, a son who left no issue. William S. Baker, a son who left surviving a daughter, Fonniel Wehrer. Minnie Carson, a daughter who left a son, Harvey Carson; a son, Quentin Carson; a son, Earl Carson; a daughter, Louella Houdesheldt; and a daughter, Louise DeWitt. The sole question presented by the appeal is whether or not the issue of the children of testatrix who were deceased when the will was executed are entitled to share in the residuary estate under the quoted residuary clause of her will.

The trial court permitted the introduction of extrinsic evidence in this case. Such evidence is admissible only in case there is a latent ambiguity in the will.

If the ambiguity is patent, extrinsic evidence is inadmissible. Any ambiguity existing in the present case is patent and becomes a question of law as to the meaning to be given to the language of the will itself. Where in a will there is a patent ambiguity resulting from the use of words, and nothing appears within its four corners to resolve or clarify the ambiguity, the words must be given their generally accepted literal and grammatical meaning. Brandeis v. Brandeis, 150 Neb. 222, 34 N. W. 2d 159; In re Estate of Pfost, 139 Neb. 784, 298 N. W. 739.

The question has been determined by the decisions of this court, and we shall not undertake to discuss cases from other jurisdictions. There is a presumption that a person who makes a testamentary disposition of his property does not intend it to be divided as though he died intestate. Kramer v. Larson, 158 Neb. 404, 63 N. W. 2d 349. But where there is nothing in the will to the contrary, the presumption is that the testator intended that his property should go where the statute of descent would take it in the absence of a will. Roberts v. Roberts, 147 Neb. 494, 23 N. W. 2d 774. In the construction of a will the court is required to give effect to the true intent of the testator so far as it can be collected from the whole instrument. In its construction the generally accepted literal, natural, and grammatical meaning must be given to the words used. Brandeis v. Brandeis, *supra*. In construing a will the term "children" does not include grandchildren unless an intention to that effect can clearly be gathered from the language of the will. Brown v. Brown, 71 Neb. 200, 98 N. W. 718, 115 Am. S. R. 568; Lacy v. Murdock, 147 Neb. 242, 22 N. W. 2d 713; Tiehen v. Hebenstreit, 152 Neb. 753, 42 N. W. 2d 802. The general rule is that the time for ascertaining the members of a class depends upon the intention of the testator. Ordinarily the members of the class are to be determined as of the time the gift is to take effect. Since a will speaks as of the

date of a testator's death, the members of the class will be determined as of the date of the death of the testator, unless a contrary intent is shown by the will. Lacy v. Murdock, *supra*; Tiehen v. Hebenstreit, *supra*. We find nothing in the will which qualifies the word "children." Unexplained and unqualified, it refers to the children of the testator living at the date of the death of the testator. Tiehen v. Hebenstreit, *supra*.

The second sentence in the residuary clause which provides in part "should any of my said children die before my death" indicates that the testatrix intended that the members of the class should be ascertained as of the date of the execution of the will, rather than at the time of the death of the testatrix. The distinction is not a material one in the present case as the five children living at the time of the execution of the will were all living at the time of the death of the testatrix. It is clear also that the use of the words "said children" in the sentence relates the provision of that sentence to the children ascertained to be the members of the class designated in the first sentence of the residuary clause, and no others.

Since the word "children" is not qualified in any way by the will, it means the living children of the testatrix at the time indicated by the will. No reference is made in the will to the heirs or descendants of any child who was deceased at the time the will was made, and consequently they are not designated beneficiaries. The provision in the residuary clause that if "any of my said children die before my death" intends to provide that if any one of the children of the testatrix ascertained to be included within this clause of the will shall die in her lifetime, his issue shall take the share of the deceased child. Obviously a child already dead was not included in this provision, and as no provision was made for her deceased children, or their issue, they can have no interest in the estate. The second sentence of the residuary clause shows the in-

tent of the testatrix that the class shall be ascertained as of the date of the will and not as of her death. The children of testatrix who were deceased at the time she executed her will had no interest in the residuary estate because the entire residuary estate was given to her living children. There was no share, therefore, that appellees could take by representation. And since "children" does not include grandchildren, in the absence of qualifying language indicating that they should be so considered, appellees can take nothing because of their relationship as grandchildren of the testatrix.

It is clear therefore that the sole beneficiaries of the residuary clause of the will are the five children of the testatrix, living at the time the' will was drawn. Since they were all living at the time of the death of the testatrix they alone are the beneficiaries of the residuary estate. Any claim on the part of the appellees is necessarily based on the interest of their deceased parents by representation. Their parents having no interest under the terms of the will, they can have none.

It is contended that testatrix intended something different than the result we have reached because of Item 4 of the will wherein she gave her personal effects and household goods to her children living at the time of her death. The fact that she created a class whose members are to be determined at a different time for this purpose has no bearing upon the class she created as beneficiaries of her residuary estate. This is a perogative that any testator has in executing a will. We fail to find where this item in any manner relates to the intent of the testatrix in fixing the class which was to receive her residuary estate.

The trial court erred in finding that the appellees were entitled to share in the residuary estate of Emma Baker. The decree of the district . court is reversed and the cause remanded with directions to the trial court to enter a decree in accordance with this opinion.

REVERSED AND REMANDED.