*In re* WAGAR'S ESTATE.

1. Wills—Lapse—Ambiguities.
    When a will fairly construed is susceptible of two constructions, one of which would render it inoperative and the other give effect to it, the duty of the court is to adopt the latter construction.

2. Same—Construction of Testamentary Trust—Death of Residuary Legatee Prior to Testator.
    Under provisions of testamentary trust requiring payments of stated sums to wife and children and, upon death of survivor, distribution to four named grandchildren but that if any grandchild should die prior to last surviving child, such grandchild's share should be divided among the legal heirs of such grandchild, share and share alike, where, prior to testator's death, grandchild died, his share is to be divided among the legal heirs of such grandchild who are to be determined as of the date of the death of testator's last surviving child rather than pass to the three surviving grandchildren upon death of testator's surviving child.

Appeal from Ionia; Hawley (Royal A.), J. Submitted January 5, 1940. (Docket No. 84, Calendar No. 40,940.) Decided March 15, 1940.

Bill by Ernest E. Wagar and Marion W. Page Ross, surviving trustees in the estate of Humphrey R. Wagar, deceased, for construction of a will and instructions relative to distribution. Portia W. Marshburn, Humphrey R. Wagar, Jr., Mell R. Wilkinson, and Elizabeth H. Wagar contested the petition. From decree rendered, petitioners appeal. Reversed.

*DeLos G. Smith, Montgomery Webster,* and *Laurence W. Smith,* for petitioners.

*Eldred & Gemuend* and *Joseph A. Burkart,* for defendant Marshburn.

*Colwell & Welch,* for defendant Wagar, Jr.

WIEST, J. This is a proceeding to construe the will of Humphrey R. Wagar, deceased.

In July, 1908, Mr. Wagar executed his will, and died August 11, 1916. At the time he executed the will he had a wife, three children and four grandchildren. His will vested his estate, real and personal, in trustees, with power of management and duty to pay stated sums at fixed periods to his wife and children and, upon the death of such beneficiaries, to convey the residue of his estate to the four grandchildren, naming them, but provided that, in case any grandchild died prior to the death of the last survivor of his children then the share of such deceased grandchild should be divided among the legal heirs of such grandchild, share and share alike. The will was duly admitted to probate and the trustees acted.

Wellington Cass Page, one of the grandchildren, died 13 months before testator, was under the age of 21 years, unmarried and without issue. ·

The trustees under the will brought this proceeding to have the court determine what disposition is to be made of the one-fourth interest in the residue of the estate, which would have passed under the will to the deceased grandchild had he lived, and, if it be held that such share is intestate property, then, when and how that share is to be distributed.

The circuit judge held that the grandchild, having predeceased the testator, all interest given him in the will lapsed or ceased at his death because he died during the lifetime of the testator; that by such lapse the estate in this particular did not become intestate property but remained a portion of decedent's estate to be divided upon the death of testator's last surviving child; that upon the death of testator's last surviving child the share that would have gone to the deceased grandchild should pass to the three surviving grandchildren, not as a class gift but as a gift to them individually, to be divided share and share alike.

The trustees under the will appeal, contending that the residuary devise to the deceased grandchild lapsed and became intestate property.

The will provided:

· "7th. Subject to the life estate of my beloved wife, and children above named, I give, devise and bequeath to my grandchildren, Portia W. Wagar, H. R. Wagar, Jr., Marion W. Page and Wellington Cass Page, sons and daughters of my children, all the remainder of my real estate and personal property, and all that may remain thereof and be accumulated by my trustees, whether said property is in the name of Humphrey R. Wagar, or H. R. Wagar Estate, or in whatever name it may be held, or

wherever situated, to have and to hold the same to themselves, their heirs and assigns forever, and to be divided between them, share and share alike. This devise, however, always subject to this condition; that in case of the death of any of said grandchildren, prior to the time of the decease of the survivor of my children, then and in such case, the share or shares of the said deceased grandchild shall be divided among the legal heirs of said grandchild share and share alike."

Clearly, the testator intended to dispose of his whole estate, and to that end provided for devolution in case of a stated contingency. Does the fact that the grandchild died before the will became operative defeat the manifest purpose of the testator?

In *Clark* v. *Mack*, 161 Mich. 545 (28 L. R. A. [N. S.] 479), a will gave two sisters a life estate, with remainder over as follows:

" 'Should one of them die first, the one that is left shall use and control all that remains until her death, when if anything remains, it shall then be divided among the nearest of kin.' "

Both beneficiaries died before the testatrix and in a suit to construe the will the claim was made that:

"The legatees, Emily A. Coe and Esther A. Coe, under the will, took an absolute estate in fee simple, and that by reason of both of the said legatees having died before the death of the testatrix the legacy lapsed, and the estate became intestate, and should be divided among the heirs of the deceased, as provided by the statutes of this State, in case of intestate estates."

The court stated:

"We are unable to agree with the contention of counsel for complainants in the construction of this will.   *   *   *

"Bearing in mind that the legatees, Emily A. Coe and Esther A. Coe, both died in the lifetime of the testatrix (Esther having died in April, 1904, and Emily in March, 1905, more than two years before the death of the testatrix), what is to become of the property? The will says: 'It shall then be divided among the nearest of kin.' It is fair to suppose that Mrs. Sellman knew of the death of her two sisters, yet she allowed over two years to elapse without making any change in her will, and we think that she intended the last clause of the will to be effective. When a will fairly construed is susceptible of two constructions, one of which would render it inoperative, and the other give effect to it, the duty of the court is to adopt the latter construction. * * *

"We think that the testatrix intended that the property, upon the death of Emily and Esther, should go to her nearest of kin."

In the case at bar we hold that the devise to Wellington Cass Page goes to, and is "to be divided among the legal heirs of said grandchild, share and share alike," and that the legal heirs of Wellington Cass Page are to be determined as of the date of the death of the last surviving child of the testator and the estate is ready to be distributed in accordance with the provisions of the will.

The decree in the circuit is reversed, and one will be entered here in accordance with this opinion. No costs.

Bushnell, C. J., and Sharpe, Potter, Chandler, North, McAllister, and Butzel, JJ., concurred.