*In re* WAGAR'S ESTATE.

1. WILLS—CONSTRUCTION—INTENT.
   In the construction of a will the primary consideration is to determine the intent of the testator.

2. SAME—INTENT DETERMINED FROM INSTRUMENT AS A WHOLE.
   Where a testator's intent cannot be determined from an examination of one paragraph of the will alone, it may be gleaned from a perusal of the entire instrument.

3. SAME—CONSTRUCTION—BEQUESTS TO LEGAL HEIRS OF LEGATEES PREDECEASING SURVIVOR OF CLASS.
   In construing will whereby testator stated that the principal sum of his estate was to be kept intact until the death of the survivor of his children, naming them, and that his "wife, children and grandchildren shall have the rents from my property as herein specified," and in paragraph providing for division of rents and income varying amounts were given to children and grandchildren and that in case of the death of any of his children that share should "go to his or her legal heirs as stated" in such latter paragraph, testator contemplated distribution of benefits to others than children and grandchildren, hence widow of son who was not the last surviving child was entitled to share of son's bequest as allowed by statute.

4. JUDGMENT—RES JUDICATA—PROBATE COURT APPROVAL OF ANNUAL ACCOUNTS.
   Orders of probate court approving annual accounts of trustees who had paid more to certain legatees than that to which they are now found to have been entitled are not *res judicata* of issues raised in proceeding to construe will where construction of will was not involved in such approvals and question not before adjudicated.

Appeal from Ionia; Hawley (Royal A.), J. Submitted October 11, 1940. (Docket No. 64, Calendar No. 41,172.) Decided December 10, 1940.

Meaning of a limitation in favor of the "heirs" of a designated person, see 3 Restatement, Property, §§ 305, 308.

Inclusion of the spouse of a designated person within the meaning of a limitation in favor of the "heirs" of such person, see 3 Restatement, Property, § 305, comments j, w.

In the matter of the estate of Humphrey R. Wagar, deceased. Petition by Ernest E. Wagar and Marion P. Green, trustees, for construction of a will. Cross-petition by Elizabeth H. Wagar. Decree for cross-petitioner. Portia W. Marshburn appeals. Affirmed.

*Eldred & Gemuend, Jos. A. Burkart,* and *Ben. D. Turner,* for appellant.

*Geer H. Smith,* for Elizabeth H. Wagar.

*Laurence W. Smith, Delos G. Smith,* and *Montgomery Webster,* for petitioning trustees.

CHANDLER, J. Humphrey R. Wagar died in 1916, leaving surviving, his widow, three children and three grandchildren. His last will and testament placed his property in trust, the widow to have the income therefrom for life. Paragraph six provided:

"After the death of my wife, I give, devise and bequeath to my children and grandchildren, the following sums from rents and earnings of my real estate, subject only to the expenses and fixed charges thereon to be paid before any division is made, during the natural life of all my children. In case of the death of one or more of them (children or grandchildren) the share of such deceased child or children to go to their legal heirs. Said rents and profits shall be divided and paid in amounts as follows from the first to the tenth of each and every month during the life of my children. * * *

"Two hundred dollars to my dear son, Fred L. Wagar;

"Two hundred dollars to my dear son, Ernest E. Wagar;

"One hundred and twenty-five dollars to my dear daughter, Nellie W. Peterson;

"Fifty dollars to my dear granddaughter, Portia W. Wagar;

"Fifty dollars to my dear grandson, H. R. Wagar, Jr.;

"One hundred and twenty-five dollars to my dear granddaughter, Marion W. Page;

"Fifty dollars to my dear grandson, Wellington Cass Page;*

"All of the above payments shall be made monthly during the natural life of my two sons and daughter or either of them. * * *

"For the purpose of keeping my estate intact until the death of all of my children, and that each of said children shall have the amount stated in this article, and in case any of the children shall die, that share shall go to his or her legal heirs as stated in the sixth clause of this will, I, therefore, devise and order the above payments."

Fred L. Wagar, Ernest E. Wagar, and Nellie W. Peterson were the three children who survived the testator. Of these, the last to survive was Ernest E. Wagar, who died October 6, 1939, thereby terminating the trust in accordance with the provisions of the will.

Fred L. Wagar received the monthly annuity of $200 provided by paragraph six until the time of his death, the last payment being made to him in July, 1935. On August 1, 1935, one payment, which he would have received had he lived, was paid to his widow, Elizabeth H. Wagar, the cross-petitioner herein. Thereafter, the monthly payments were made to the two children of Fred L. Wagar, the sum being divided between them.

On July 8, 1939, Elizabeth H. Wagar wrote a letter to the trustees, claiming that as executrix of her husband's estate she was entitled to the full amount which had been paid to the children of Fred L. Wagar subsequent to his death, or, that she was in-

---

* Wellington Cass Page, grandson, predeceased testator.—REPORTER.

dividually entitled to one third of this amount as one of his heirs. Thereupon, the trustees filed the petition herein, praying for instructions in regard to the claim.

Elizabeth H. Wagar filed a cross-petition, the prayer for relief setting forth substantially the same claim contained in her letter of July 8, 1939, to the trustees.

The trial court found that the words "legal heirs" as used by the testator in paragraph six referred to those who, in case of intestacy, would have been entitled to inherit it under statutory provisions, and that one third of the monthly payments which had been made to the children of Fred L. Wagar, subsequent to his death, had been improperly made, and that his widow was entitled thereto.

This appeal is taken by Portia W. Marshburn, one of the children of Fred L. Wagar.

It requires no citation of authority to state that the primary consideration is to determine the intent of the testator. When he used the phrase "legal heirs" in paragraph six, did he intend to include the widow of the particular son in question, who, in case said son died intestate, would have been an heir under our statute? The intent cannot be determined from an examination of paragraph six alone, but must be gleaned from a perusal of the entire instrument.

Appellant claims that the real intent of the testator as to who should receive benefits is to be found in paragraph A, which provided:

"It is my will to have the principal sum of my estate kept together and held intact until the death of the survivor of my children, Fred L. Wagar, Ernest E. Wagar and Nellie W. Peterson; that my *wife, children and grandchildren shall have the rents from my property* as herein specified, and that the estate

with such increased value as shall accumulate thereon by reason of the increase in property and rents, shall go to my *grandchildren*, Portia W. Wagar, H. R. Wagar, Jr., Marion W. Page and Wellington Cass Page, at the death of the survivor of my said children.''

In quoting from this paragraph in his brief, counsel has italicized the words, as we have, and argues that, ''Testator thus says, definitely and positively, that his wife, children and grandchildren shall have the rents from his property; that his grandchildren shall eventually have his estate and the accumulations thereon. One would seem fully justified in asserting that any construction of testator's will which would pass any portion of the rentals to any person other than his wife, children and grandchildren would be in direct violation of testator's positively expressed intent.''

However, the language relied upon is readily susceptible to an interpretation, consistent with the finding of the trial court. In paragraph A, testator says, ''that my wife, children and grandchildren shall have the rents from my property *as herein specified.*'' Thus, it will be noted that if equal emphasis is placed upon the words ''as herein specified,'' counsel's argument loses its force. These three words necessarily refer to the gifts provided in paragraph six. Aside from other provision for his wife, he expresses the intent that the rents from his property shall be distributed to his children and grandchildren in the proportions specified in said paragraph six. Paragraph A is silent as to whom the payments shall be made in the event of the death of any one of those specified. Paragraph A is but a general outline of the more specific provisions to follow.

We believe that the testator did contemplate within the meaning of the phrase ''legal heirs'' that

others than children or grandchildren might receive benefits. He says,

"In case of the death of one or more of them (children or grandchildren) the share of such deceased child or children to go to their legal heirs."

Thus, he provides for payments to "legal heirs" in the event of the death of either a child or grandchild. Suppose that instead of Fred L. Wagar, a son, one of the grandchildren specified in paragraph six had died, leaving issue. Would it be reasonable to assume that the issue, as a legal heir of such deceased grandchild, should not receive the payments theretofore received by the deceased parent because he or she was neither a child or grandchild of the testator? We think not.

We believe the proper result was reached by the trial court.

Appellant contends that the orders of the probate court, approving annual accounts of the trustees for the years 1935, 1936, 1937 and 1938 are *res judicata* of the issue involved in this appeal. The construction of the will was not involved in the approval of the various accounts. The question has never been adjudicated. See *MacKenzie. v. Union Guardian Trust Co.*, 262 Mich. 563.

The decree is affirmed. Elizabeth H. Wagar shall recover her costs against appellant.

BUSHNELL, C. J., and SHARPE, BOYLES, NORTH, McALLISTER, WIEST, and BUTZEL, JJ., concurred.