In re WAGAR'S ESTATE.

GREENWOOD'S APPEAL.

1. DESCENT AND DISTRIBUTION—CIVIL LAW—LEGAL HEIR.
    Under the civil law, a legal heir is one who takes the succession by relationship to the decedent and by force of law,. and the term is also used in Anglo-American law in substantially the same sense, that is, the person to whom the law would give the decedent's property, real and personal, if he died intestate.

2. WILLS—RESIDUARY LEGACY—CONTINGENT GIFT—DETERMINATION OF HEIRS—HALF BROTHER OF DECEASED'S GRANDCHILD.
    Under devise of residuary estate to testator's grandchildren, naming them, wherein it was provided that in case any of

the named grandchildren should predecease testator's last surviving child, the share of such deceased grandchild should be divided among the legal heirs of such grandchild, upon the happening of such contingency, the grandchild's heirs are determined as of the date of the death of the last surviving child, and include, by virtue of direct testamentary gift, a half brother of the grandchild not of the blood of testator where the grandchild's parents are both dead, notwithstanding such half brother would not have participated in the distribution of the estate in case testator had died intestate (3 Comp. Laws 1929, § 13444).

Boyles, J., dissenting.

Appeal from Ionia; Carr (Leland W.), J., presiding. Submitted April 16, 1942. (Docket No. 44, Calendar No. 41,936.) Decided June 10, 1942.

In the matter of the estate of Humphrey R. Wagar, deceased. Gertrude P. Page, guardian of the estate of Rufus Lee Page, Jr., filed a supplemental petition for determination of the heirs of Wellington Cass Page, in accordance with decree of Supreme Court. Decree determining heirs to be Rufus Lee Page, Jr., and Marion W. Page Ross Greenwood. Marion W. Page Ross Greenwood, surviving trustee of estate of Humphrey R. Wagar, deceased, appeals. Affirmed.

*Delos G. Smith, Montgomery Webster* and *Laurence W. Smith,* for appellant.

*Geer H. Smith,* for appellee.

Bushnell, J. This is an appeal by Marion W. Page Ross (Greenwood) from a construction of the will of Humphrey R. Wagar, deceased. Wagar's will was executed in 1908 and he died in 1916. This will has been before the court on two occasions, *In re Wagar's Estate,* 292 Mich. 452, and *In re*

*Wagar's Estate,* 295 Mich. 463. Wagar left surviving him his widow, three children, and three grandchildren. The provisions for his wife, his children and grandchildren are found in the cases just cited.

In 292 Mich. 452, the surviving trustees of the estate sought a construction of the will and instructions relative to distribution of a share of the estate which would have passed to Wellington Cass Page had he survived. Wellington, who was one of Wagar's grandchildren, died 13 months before the testator, under the age of 21, unmarried and without issue. The court held in that case:

"That the devise to Wellington Cass Page goes to, and is 'to be divided among the legal heirs of said grandchild, share and share alike,' and that the legal heirs of Wellington Cass Page are to be determined as of the date of the death of the last surviving child of the testator and the estate is ready to be distributed in accordance with the provisions of the will."

In 295 Mich. 463, the court was called upon to determine whether the widow of one of Wagar's children should receive the amounts which were payable monthly to her husband. In that case the court held that, when Wagar used the phrase "legal heirs" in paragraph 6 of the will, he intended to include the widow of the particular son in question. Wagar's last surviving child is now deceased and Gertrude P. Page, guardian of Rufus Lee Page, Jr., a then mentally incompetent person, petitioned the court for an order requiring the distribution to Rufus Lee Page, Jr., of an equal share of a one-quarter share of the residue of the estate of Humphrey R. Wagar. Her contention is that Rufus Lee Page, Jr., a half brother of Wellington Cass Page but not of the blood of the testator, was a legal

heir of Wellington Cass Page as of October 6, 1939, which was the date of the death of the last surviving child of the testator.

Wellington Cass Page has a sister, Marion Greenwood, and their mother, now deceased, was a daughter of Humphrey R. Wagar. Approximately five years before Humphrey R. Wagar executed his will, Wellington Cass Page's mother and father, Rufus Lee Page, were divorced. About three years before the will was executed, Rufus Lee Page married Gertrude Page, petitioner herein, and of that marriage Rufus Lee Page, Jr., was born. Another child was born of this marriage but is not now living. Rufus Lee Page, the father of Wellington, is now deceased, and the question presented is whether Marion Greenwood, a full sister, shall take the full share that was originally designated for Wellington Cass Page, or whether it shall be divided, share and share alike, between her and her half-brother, Rufus Lee Page, Jr.

This question was submitted to the late Judge Royal A. Hawley, of Ionia, who died before he reached a decision. The parties thereafter stipulated that the cause should be considered by another circuit judge. Judge Leland W. Carr was so designated by the State presiding judge, and he determined in a written opinion that Rufus Lee Page, Jr., was entitled to share under the will, and entered a decree accordingly.

Appellant, the full sister of Wellington Cass Page, contends that, because of the statute, Rufus Lee Page, Jr., cannot take. The statute, 3 Comp. Laws 1929, § 13444 (Stat. Ann. § 26.985) reads as follows:

"The degrees of kindred shall be computed according to the rules of the civil law; and kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inherit-

ance come to the intestate by descent, devise, or gift of some one of his ancestors, in which case, all those who are not of the blood of such ancestor shall be excluded from such inheritance.''

Was Rufus Lee Page, Jr., a legal heir of Wellington Cass Page as of October 6, 1939? If so, he is entitled to take under the Wagar will.

The term ''legal heir'' is defined in Black's Law Dictionary (3d Ed. [1933]), p. 886, as follows:

''Heir, legal. In the civil law. A legal heir is one who takes the succession by relationship to the decedent and by force of law. * * * The term is also used in Anglo-American law in substantially the same sense, that is, the person to whom the law would give the decedent's property, real and personal, if he died intestate.'' See *Brooks* v. *Parks*, 189 Mich. 490.

Had Wellington Cass Page died intestate on October 6, 1939, Rufus Lee Page, Jr., would certainly have been entitled to share in his estate generally, and he is therefore a legal heir of Wellington within this definition. Is he precluded from taking as a legal heir because he could not have inherited this property through Wellington Cass Page if it had come to Wellington during his lifetime?

The mere fact that Rufus Lee Page, Jr., could not have shared in any ancestral property which Wellington might have inherited during his lifetime from the testator does not prevent him from being a legal heir of Wellington within the meaning of that term. He was, in the language of the definition quoted, ''the person to whom the law would give the decedent's property, real and personal, if he died intestate.'' He was, therefore, a legal heir of Wellington Cass Page. But, say appellants, he is not a legal heir because he is only a half-brother, excluded

by statute from inheriting, through Wellington, property devised by Humphrey R. Wagar. Rufus does not seek to take through Wellington, but directly under the will, and, because of its language, as a member of a class designated by the testator to whom property should go upon the happening of a contingency.

The will reads:

"7th. Subject to the life estate of my beloved wife, and the children above named, I give, devise and bequeath to my grandchildren, Portia W. Wagar, H. R. Wagar, Jr., Marion W. Page and Wellington Cass Page, sons and daughters of my said children, all the remainder of my real estate and personal property, and all that may remain thereof and be accumulated by my trustees, whether said property is in the name of Humphrey R. Wagar or H. R. Wagar Estate, or in whatever name it may be held, or wherever situated, to have and to hold the same to themselves, their heirs and assigns forever, and to be divided between them, share and share alike. This devise, however, always subject to this condition: that in case of the death of any of said grandchildren, prior to the time of the decease of the survivor of my children, then and in such case, the share or shares of the said deceased grandchild shall be divided among the legal heirs of said grandchild share and share alike."

The contingency anticipated by the testator became an actuality. Wellington, his grandchild, died prior to the death of the survivor of the children of the testator. When this happened, the gift originally intended for Wellington passed over to those who might be his "legal heirs" at the date of the death of Wagar's last surviving child.

Appellants further contend that, had Wellington survived the testator by even one day, Rufus would

not have been an heir of Wellington's so far as this property is concerned, and hence cannot become his heir by the predecease of Wellington.

It is false to assume that, if Wellington had survived the testator by even one day, Rufus could not share in this property because the event that entitled Rufus to take was Wellington's predecease of the last surviving child of the testator. This share of the residue of the Wagar estate does not pass as ancestral property through Wellington but as a direct gift to those designated in the will, *i.e.*, the legal heirs of Wellington to be determined as of the date of the death of Wagar's last surviving child. Rufus was a legal heir of Wellington as of that date.

We have also considered the testimony returned in the separate record under authority of 3 Comp. Laws 1929, § 14159 (Stat. Ann. § 27.853). Like the trial judge, we consider this testimony immaterial because the language of the will is unambiguous. *Wheeler* v. *Wood,* 104 Mich. 414. Further, Wagar must have known that Wellington's father was Wellington's legal heir, and yet the ill feeling between Wagar and Wellington's father, which appellant attempted to show by this testimony, did not prompt Wagar to change his will. See *Turner* v. *Burr,* 141 Mich. 106.

The decree entered by the circuit judge was proper in the light of the provisions of the will, and it is, therefore, affirmed, with costs to appellee.

Chandler, C. J., and North, Starr, Butzel, and Sharpe, JJ., concurred with Bushnell, J.

Boyles, J. (*dissenting*). The only question here is, who were the the heirs at law of Wellington Cass Page on October 6, 1939, as applied to the property

devised by Humphrey R. Wagar under the residue clause of his will. We are not concerned with any other property.

On October 6, 1939, Wellington Cass Page was deceased, intestate, leaving no issue, widow, father or mother, or child of a deceased brother or sister, surviving him. He was survived by a sister and a half-brother. They would take this property equally, unless otherwise prevented by statute. 3 Comp. Laws 1929, § 13444 (Stat. Ann. § 26.985); cf. Act No. 288, chap. 2, § 84, Pub. Acts 1939 (probate code [Comp. Laws Supp. 1940, § 16289–2 (84), Stat. Ann. 1941 Cum. Supp. § 27.3178 (154)]). What was the intent of the testator as to who should be considered the legal heirs of Wellington Cass Page? Wellington Cass Page died during his minority, and during the lifetime of the testator. His mother was a daughter of the testator. Five years before the will was executed, his mother and father were divorced. His father remarried, and Rufus Lee Page, Jr. (claimant here), was born of that marriage. He is not of the blood of Humphrey R. Wagar, the ancestor (testator in this will). He is the child of the ex-husband of the testator's daughter, from whom she had been divorced for a number of years. Under these circumstances, there is no presumption that Humphrey R. Wagar had him in mind as one who should inherit one-eighth of the residue of his estate.

When there is no indication in the will itself as to the testator's intent, the statute steps in. In this case, the statute (3 Comp. Laws 1929, § 13444), disinherits Rufus Lee Page, Jr. It provides:

"Kindred of the half blood shall inherit equally with those of the whole blood in the same degree, unless the inheritance come to the intestate by descent, devise, or gift of some one of his ancestors, in which case, all those who are not of the blood of

such ancestor shall be excluded from such inheritance.''

Rufus Lee Page, Jr., is not of the blood of the ancestor from whom the estate descends. There is nothing to indicate that the testator intended him to share, and the statute is to the contrary. In this State, the question as to who is an heir at law is controlled entirely by the statutes of descent and distribution. Rufus Lee Page, Jr., would not be a legal heir under any circumstances but for the statute, which by express terms excludes him from being considered an heir at law in this case. The blood descendant, Marion Greenwood, must take the share of Wellington Cass Page.

There should be reversal for entry of decree to that effect, with costs to appellant.

WIEST, J., took no part in this decision.