Elliott v. Quinn.

---

JAMES B. ELLIOTT, APPELLEE, V. NELLIE M. QUINN ET AL., APPELLANTS.

FILED JULY 19, 1922. No. 22069.

1. **Charities:** DEVISE: VALIDITY. A devise to promote the public good is valid and enforceable.

2. **Wills:** DEVISE: VALIDITY. Unless the object of a devise is contrary to the settled principles of law, or to a statute, it must be sustained.

3. ————: CONSTRUCTION. Under familiar rules of construction, the court is required to consider all of the relevant circumstances which surround the testator at the time his will was made and to give effect to his meaning.

4. **Charities:** GIFTS: EQUITY. A gift for charitable uses will not be permitted to fail, even though a trustee be not named in the will, because a court of equity will name a trustee to execute the trust.

5. ————: ADMINISTRATION. "In the exercise of equity jurisdiction, the district courts may supervise the administration of charitable trusts." *Matteson v. Creighton University,* 105 Neb. 219.

APPEAL from the district court for Clay county: WILLIAM A. DILWORTH, JUDGE. *Affirmed.*

*Ambrose C. Epperson* and *John E. Ray,* for appellants.

*C. L. Stewart, contra.*

Heard before MORRISSEY, C. J., ALDRICH, DAY and DEAN, JJ.

DEAN, J.

John W. McMillan died testate, in Clay county, in September, 1892. By his will James B. Elliott was appointed a trustee to hold an 80-acre tract of land for the use of the testator's sister, Sarah E. McMillan, to whom was given the income from the land during her lifetime, "except such amount as shall be required to keep the place in repair and pay the taxes thereon." The testator by his will then provided that, at the death of his sister, "the property—real estate—shall become a part of the school fund of Clay county to be invested in good securities the interest whereof shall alone be used for school purposes." The testator's sister died February 11, 1920.

The court found that the will conveyed the land "to the school fund of Clay county, Nebraska; and that it was his intention that said property should be sold and the proceeds thereof invested in good securities, the income therefrom to be used for the benefit of said fund." Certain defendants who are collateral relatives demurred to plaintiff's petition. The demurrer was overruled, and defendants have prosecuted an appeal to this court.

Defendants argue that there is no fund in which the proceeds of the sale of the land may be placed, and that the devise is vague, uncertain and impossible of performance. It is further argued that the paragraph of the will in question "lacks a fixed beneficiary and the use is indefinite."

We do not think defendants' argument is sound. The object of the devise is charitable, and the property devised is certain and definite and the beneficiary is certain and definite as to the class. Sections 6906, 6930, 6931, Rev. St. 1913, upon which plaintiff relies, and which have to do with school funds, were in force when the will was

written.   Whether there is such a fund, however, is not of controlling importance.

The testator was evidently interested in the welfare of the schools of his home county, where he had lived for many years, and he was desirous of promoting their interests.   Neither ambiguity nor uncertainty appear and the trust created by the will cannot be avoided on those grounds.   The purpose of the testator is clear.   He had a right to bestow his own property where and as he chose, and it is equally clear that he was under no legal obligation to devise the land to his collateral kindred.   It is well settled that a devise to promote the public good is valid. Unless, therefore, the object of a devise is contrary to the settled principles of law, or to a statute, it must be sustained and effect must be given to the provisions of the will.   *In re Estate of Nilson*, 81 Neb. 809; *Chapman v. Newell*, 146 Ia. 415.

In the *Chapman* case the same question was under consideration, and it was held that a bequest to the permanent school fund of the county was not void for uncertainty, even though there was no such fund specially designated by the statute, or because the gift was not devised to a person, corporation, individual or thing capable of accepting it, under the well-established rule that a charitable gift will not be permitted to fail because of any mistake or ambiguity in describing the intended beneficiaries or expressing its purpose, if from the language of the bequest, when construed in the light of all the facts, the intent of the donor is reasonably apparent.   Nor will a gift for charitable uses be permitted to fail, even though a trustee be not named, because a court of equity will name a trustee to execute the trust.   In that case it is further pointed out that the gift would not fail in this class of cases, even though the testator devoted his estate to the reduction of the public tax burden.

"A bequest to aid free public schools is valid, being as definite as to beneficiaries as the rules governing the subject require; and the validity of such a bounty is not af-

fected by the fact that the state has provided for the maintenance of such schools for all children of school age within the territory intended to be benefited." 6 Cyc. 943.

"The validity of a gift for educational purposes is not affected by the fact that the state has provided for the maintenance of schools for all children of school age within the territory intended to be benefited." 11 C. J. 316, sec. 20. Also, 3 Pomeroy, Equity Jurisprudence (3d ed.) sec. 1018; *Gould v. Board of Home Missions,* 102 Neb. 526.

"A bequest in trust to create a fund to be used to establish and maintain a school 'for the purpose of educating boys who reside in the state of Illinois between the ages of 12 to 18 years, and who are unable to educate themselves,' is not void for want of a class of boys to which the charity may apply, because of the existence in the state of a system of public free schools open to all boys of such age without charge, nor because of uncertainty as to the individual beneficiaries; such uncertainty being in fact an essential element of a valid charity." *Tincher v. Arnold,* 147 Fed. 665. See, also, *Vidal v. Girard's Exrs.,* 2 How. (U. S.) 127, 182; *Russell v. Allen,* 107 U. S. 163; *Wilson v. First Nat. Bank,* 164 Ia. 402; *Matteson v. Creighton University,* 105 Neb. 219.

There is no room for counsel's suggestion that it will be necessary for the court to put its own belief or wish into the will in order to make of it an enforceable instrument. Under familiar rules of construction, the court is required to consider all of the relevant circumstances which surrounded the testator at the time the will was made and to give effect to his meaning. The testator wisely couched the devise in broad terms, in that it merely provides for a fund which "shall become a part of the school fund of Clay county to be invested in good securities the interest whereof shall alone be used for school purposes."

*Skinner v. Harrison Township,* 116 Ind. 139, is a case where the testator devised a fund to "Harrison township," with a provision that the interest from the fund should

be used for the support of its common schools.  At that time there were 22 townships of that name in Indiana, and each of them was capable of holding property for appropriate public purposes.  Without extrinsic evidence the intended beneficiary could not be identified.  But the court decreed that the devise was intended for the township named Harrison in which the testator resided.  It was held that the will was neither ambiguous nor uncertain.

The conclusion is that the trust is valid and enforceable. The judgment of the district court is therefore affirmed, with directions that such orders be made in the premises as may be necessary to give effect to the substantial intent of the testator.

The judgment of the district court is

AFFIRMED.