IN RE ESTATE OF FREDERICK W. SCHUETTE.
M. D. CARROLL, EXECUTOR, v. HENRY SCHUETTE ET AL., APPELLEES: FRANCES ASH ET AL., APPELLANTS.
293 N. W. 421

FILED AUGUST 2, 1940. No. 30845.

*Stevens & Stevens* and *E. E. Wakeman,* for appellants.

*Butler, James & McCarl, Emmett Thurmon* and *C. D. Ritchie, contra.*

Heard before SIMMONS, C. J., EBERLY, PAINE, CARTER, MESSMORE and JOHNSEN, JJ., and BLACKLEDGE, District Judge.

MESSMORE, J.

This appeal involves the construction of the last will and testament of Frederick W. Schuette, deceased. The sole controversy is over the meaning of the following bequest and devise contained in the will: "One-fourth to the children of my deceased brother, John Schuette."

The record discloses that the will of Frederick W. Schuette, dated April 16, 1938, was admitted to probate in the county court of Furnas county June 14, 1938. Frederick W. Schuette departed this life during the year 1938. A brother, John Schuette, died several years prior to the date of the will of Frederick W. Schuette. John Schuette had three children at the time of his death, Henry Schuette, a son, Sophie Hoxie, a daughter, and Gustav Schuette, a son. Gustav died about two years prior to the death of the

testator, Frederick W. Schuette, leaving surviving him seven children, four of whom are minors, appearing by a guardian *ad litem,* the adults by their own counsel. John Schuette, therefore, had two living children on the date the will of Frederick W. Schuette was made and on the date it was admitted to probate, and had seven grandchildren; that is, the children of his deceased son Gustav.

The question presented for determination is: Who are entitled to share in the assets of the said estate, devised and bequeathed by the provision of the will heretofore set out. Henry Schuette and Sophie Hoxie each claim an undivided one-half interest in one-fourth of the estate of Frederick W. Schuette. The grandchildren of John Schuette, deceased, respondents (appellants), claim each an undivided one-seventh of one-third of the estate of Frederick W. Schuette; or, in other words, that the share of their father, Gustav Schuette, would go to them by right of representation.

Before the respondents are entitled to share in the distribution of one-fourth of the estate, the term "children," as used in the provision of the will, reading, "One-fourth to the children of my deceased brother, John Schuette," must be construed to mean the grandchildren of John Schuette, deceased. The designation made in the provision of the will referred to is to children as a class, no individual being named.

The authorities on the question involved in this case are not in harmony; but we believe that the word "children," as used in the will of Frederick W. Schuette, under the circumstances, means the children of John Schuette living at the time of the testator's death and at the time his will was admitted to probate, as reflected by the case of *Brown v. Brown,* 71 Neb. 200, 98 N. W. 718, as follows:

"It is argued, at some length, that the court erred in overruling the demurrer to the petition of intervention. As such petition stood when the demurrer was overruled, it was based on the theory that the interveners, who it will be remembered are grandchildren of the testator, were included within the term 'children' in the residuary clause of the

will. That theory, to our minds, is untenable. It is a familiar rule of construction that, ordinarily, words should be taken in the sense in which they are commonly used. It is a matter of common knowledge that, in ordinary conversation and the affairs of life, the word 'child' is commonly used to designate a son or daughter, a male or female descendant of the first degree. Such is Webster's definition of the term, and such is its primary signification according to all standard lexicons. It is safe to say that, standing alone, it is never understood to mean grandchildren. Bouvier says: 'The term children does not, ordinarily and properly speaking, include grandchildren or issue generally; yet sometimes that meaning is affixed to it in cases of necessity.' "

The definition of the term "children," and its use in connection with its meaning, as referring to grandchildren, is disclosed by 69 C. J. 180, as follows: "The general rule that 'children' does not in its natural and proper signification include grandchildren, together with its exception where it is apparent that it was intended to give the term a more extended signification, applies in determining the meaning of 'children' as used in a will in designating the beneficiaries. Thus, as a general rule 'children,' as used in such connection, does not include grandchildren, unless it clearly appears that the testator meant to include grandchildren."

Our attention is directed to section 30-229, Comp. St. 1929, which provides: "When a devise or any legacy shall be made to any child or other relation of the testator, and the devisee or legatee shall die before the testator, having issue who shall survive the testator, such issue shall take the estate so given by the will in the same manner as the devisee or legatee would have done if he had survived the testator, unless a different disposition shall be made or directed by the will."

In *Lincoln Nat. Bank & Trust Co. v. Grainger*, 129 Neb. 451, 262 N. W. 11, in considering the above section of the statute, the court said (p. 459) : "By the terms of this section, the issue of any of the children living at the date of the

execution of the will, and who might die before the termination of the trust period, would take the share that would have gone to the parent of such issue;" the writer of the opinion obviously recognizing that the statute referred to applied only where the child or children, through whom claim was made, were living at the date of the execution of the will.

We conclude that section 30-229, Comp. St. 1929, is not applicable to the facts in the instant case. This holding is required if the words of the statute are to be given their plain, ordinary and grammatical meaning, and is in harmony with the views expressed by Judge Good in *Lincoln Nat. Bank & Trust Co. v. Grainger, supra.*

"Where a provision in a will is couched in correct grammatical language, it will be given the ordinary and natural meaning which that language imports, unless it clearly appears from the whole instrument that a different meaning was intended." *Lincoln Nat. Bank & Trust Co. v. Grainger, supra.*

"Under familiar rules of construction, the court is required to consider all of the relevant circumstances which surround the testator at the time his will was made and to give effect to his meaning." *Elliott v. Quinn,* 109 Neb. 5, 189 N. W. 173.

Considering the will in the light of the foregoing authorities, to determine the intention of the testator and to give that intention effect, we come to no other conclusion than that the above definition of the word "children" is applicable to the will of Frederick W. Schuette. Otherwise, the will would be ambiguous and uncertain. The district court entered such judgment and decree in favor of Henry Schuette and Sophie Hoxie, appellees. We affirm the judgment and decree of the district court in such respect.

The respondents assign as error that they are entitled to have the doctrine of *res judicata* applied to the instant case. This contention is based on an order of the county court, ordering partial distribution of the assets of the estate of Frederick W. Schuette, wherein the grandchildren were in-

cluded in the distribution, to which ruling Henry Schuette and Sophie Hoxie subsequently objected. The executor of the estate of Frederick W. Schuette then filed a petition in the county court, disclosing the controversy and asking for an adjudication of the rights of inheritance of the respective parties, children and grandchildren of John Schuette, deceased. From the order of partial distribution no appeal was taken, and it is respondents' contention that the only remedy of the aggrieved party was by appeal.

The record discloses that the doctrine of *res judicata* was not argued to the district court or contained in any of the pleadings filed by the respondents in joining the issues; nor is the subject-matter sufficiently covered in the petition of the executor to warrant the court in passing upon the question of *res judicata.*

In order for respondents to avail themselves of the doctrine of *res judicata,* they are bound by the following rule of law announced in *Thomas v. Thomas,* 33 Neb. 373, 50 N. W. 170, and quoted in *Burke v. Munger, ante,* p. 74, 292 N. W. 53, as follows: "The party relying upon a former adjudication as a defense must aver in his answer in what court the judgment was rendered, and plead facts showing that the recovery was upon the same subject-matter and between the same parties, or their privies, as the suit in which the defense of *res adjudicata* is made, and that the judgment is in full force."

In the instant case, the respondents raise the doctrine of *res judicata* for the first time on their motion for a new trial. The record discloses an order of the trial court to such effect in overruling the motion for a new trial.

We conclude that the contention of respondents in such respect is not merited, and that the trial court was right in denying the application of the doctrine of *res judicata.*

AFFIRMED.