Lena Augusta Martens, appellant, v. Emil Sachs et al., appellees: Virgil L. Brown, Administrator, appellant.
294 N. W. 426

Filed October 25, 1940.    No. 30874.

*McKenzie & Dugan, Virgil L. Brown* and *Fred S. Wolfe,* for appellants.

*W. H. Justin* and *Murphy & Murphy, contra.*

Heard before Simmons, C. J., Rose, Eberly, Paine, Carter, Messmore and Johnsen, JJ.

Messmore, J.

Plaintiff brought this action in the district court for Douglas county, to have the court adjudge and decree that the bequest, in the sum of $2,500, made in the last will of Edward Sachs, deceased, is, under the terms of the will, a charge upon an 80-acre tract of land owned by the testator in his lifetime. The trial court found that paragraph 2 of the will was not operative and ordered that the assets of the estate, including the real estate, should pass to the four

children, share and share alike, as provided in the residuary clause of the will, paragraph 3, hereinafter set out. From this judgment plaintiff appeals, and Virgil L. Brown, administrator of the estate of Emma Gabernovitz, deceased, appeals in behalf of her estate.

Paragraphs 2 and 3 of the last will and testament of Edward Sachs, made August 10, 1921, read as follows:

"Second, I give, devise and bequeath to my son Emil Sachs the West half of the south east quarter, of Section Thirty-two (32) Township sixteen (16) Range Eleven (11) in Douglas County Nebraska under these conditions that he my son Emil Sachs shall pay to my son Gustave Sachs, the sum of Two thousand five hundred dollars ($2,500.00), He shall pay to my Daughter now Emma Gabernovitz the sum of two thousand five hundred dollars ($2,500.00), He shall pay to my daughter now Lena Martens the sum of Two thousand five hundred dollars ($2,500.00) and with no other charge whatsoever.

"Third, All the rest and residue of my estate, both real, personal and mixed, I give, devise and bequeath to my son Emil Sachs, and my son Gustave Sachs, and to my daughter Emma Gabernovitz, and to my daughter Lena Martens, and to them and their heirs and assigns forever, share and share alike, as tenants in common."

Edward Sachs departed this life January 5, 1936, and on April 16, 1936, his will was admitted to probate. On October 3, 1936, Emil Sachs filed in the probate proceedings a declination to accept the conditional devise, in which he refused to accept the 80 acres of land under the conditions in said will set out. Lena Augusta Martens, a daughter of the testator, brings this action as plaintiff, to enforce the sale of the 80 acres of land to pay the bequest to her of $2,500, which, she alleges, the testator made a lien against said land.

The hour of will-writing is a solemn one. Into his will the testator puts his most serious reflections, and from it we get a correct insight into his character, because it genuinely reveals his heart and his conscience. It is the

testator himself who speaks, although he is gone. "The moving finger writes; and, having writ, moves on; nor all your piety nor wit shall lure it back to cancel half a line, nor all your tears wash out a word of it." Our temporal possessions are but life-holdings, and the manner in which we part with them at the end of the journey reveals not only our fortunes but our spirits in their least disguised forms, our motives, our principles and our affections.

There is evidence of Emil Sachs that a year or so before his father's death his father told him that he, Emil, was to have the land and pay the rest of them, and that, "if I didn't want it that way, it was equally divided;" that his father had made such a statement "dozens of times." This is oral evidence that the testator expressed an intention with reference to the will and intended to change it. It is significant that the will was not changed. Emil did not see the will or know where it was. The apparent reason for his declination is the difference in the value of the real estate at the time the will was made and at the time of his father's death, some 15 years later.

"Parol evidence is inadmissible to determine the intent of a testator as expressed in his will, unless there is a latent ambiguity therein which makes his intent obscure or uncertain." *Lincoln Nat. Bank & Trust Co. v. Grainger*, 129 Neb. 451, 262 N. W. 11.

In the instant case, the language of the will, and especially in paragraph 2, is plain, explicit and unambiguous, and, under the circumstances, the testimony heretofore related is inadmissible. The question as to whether or not Emil Sachs rejected or accepted the 80 acres of land has nothing to do with the construction placed upon the words used in the will and chosen by the testator at the time the will was made. Whatever the meaning of the words was, then that meaning still obtains and is not influenced or changed by refusal to act, or any action taken by Emil Sachs some 15 years after the testator drew his will.

In the construction of a will, the court is required to give effect to the true intent of the testator so far as it can be

collected from the whole instrument, if such intent is consistent with the rules of law, and, in this connection, circumstances relating to the last will may be considered. Comp. St. 1929, sec. 76-109; *Blochowitz v. Blochowitz*, 130 Neb. 789, 266 N. W. 644; *In re Estate of Hunter*, 132 Neb. 454, 272 N. W. 318; *Lehman v. Wagner*, 136 Neb. 131, 285 N. W. 124.

"Without much regard to canons of construction, the court will place itself in the position of the testator, ascertain his intent from the provisions of the will and enforce it, if lawful. *Weller v. Noffsinger*, 57 Neb. 455; *Krause v. Krause*, 113 Neb. 22; *Elliott v. Quinn*, 109 Neb. 5; *Heywood v. Heywood*, 92 Neb. 72." *Lincoln Nat. Bank & Trust Co. v. Grainger*, *supra*; *Lehman v. Wagner*, *supra*.

The language of the will in the case at bar indicates clearly that the testator did intend the payment of the legacy of $2,500 to each of the two daughters when he devised the land. What he did was to devise the 80-acre tract of land to Emil Sachs, and in the same paragraph and in the same sentence imposed upon the devise the following condition: "Under these conditions that he my son Emil Sachs shall pay * * * to my Daughter now Emma Gabernovitz the sum of" $2,500, etc. Payment was required under the condition upon which the devise was made. The testator did not require Emil Sachs to pay the $2,500 without giving him something out of which to pay it, to wit, the 80 acres of land.

In *Lehman v. Wagner*, *supra*, this court held: "The refusal of the devisee to accept the devise will not affect the charge of the legacy or the charge of the payment of a designated sum to the personal representative of the deceased person. In equity, the land is charged, whether or not the devisee accepts the devise." See, also, 69 C. J. 1205; *Mahaney v. Mahaney*, 91 N. J. Eq. 473, 110 Atl. 15.

As was stated in 69 C. J. 1183: "In the absence of anything indicating a contrary intention, land specifically devised will be charged with the payment of legacies where the will expressly directs the devisee to pay the legacies; or

where the land is specifically devised 'subject to,' 'charged with,' or 'on condition that' the devisee pay the legacies." To like effect is *Schrader v. Schrader,* 158 Ia. 85, 139 N. W. 160.

We conclude that the bequest evidenced by paragraph 2 of the will is, under the terms of the will, a charge upon the 80-acre tract of land bequeathed to Emil Sachs.

The judgment of the district court is reversed, and the cause remanded, with instructions to enter judgment in accordance with this opinion.

REVERSED.

ROSE, J., dissents.

PAINE, J., dissenting.

I respectfully dissent from the opinion adopted by the majority of the court.

The district court held that, because Emil Sachs declined to accept said 80 acres under the conditions of the will, it would not pass, and Gustave, Emma and Lena would have no lien on said 80 acres for $2,500 each, as set out in the second paragraph of the will, but that said 80 acres would be distributed under the residuary clause to Emil, Gustave, Emma and Lena, share and share alike, free of any liens, for the payment of the three bequests of $2,500 each. In other words, the trial court held that, when real estate is devised to a legatee, coupled with a direction requiring the legatee to pay a designated legacy to another, the latter legacy is not an equitable charge upon the real estate so devised.

The testimony disclosed that the will was made in 1921, when the land was worth $250 an acre; that now the land is only worth $80 to $90 an acre. Evidence was offered as to certain declarations of the testator as to what the real and true meaning of the will was, and three or four different witnesses testified that the testator said he did not want it to go the way the will had it go, and that he said he was only going to give his daughters $10 apiece, but although there is testimony that he said these things, unfortunately he did not change the will to carry out his expressed wishes.

Emil Sachs testified that the testator said that he could reject the 80 acres of land, and then the land could be divided equally between the heirs.

The opinion adopted holds, in effect, that a charge imposed by a testator to pay legacies does not become the personal obligation of the devisee unless he chooses to accept the devise, and if he actually refuses to accept the devise and pay the legacies, the land will descend to the testator's heirs, chargeable in equity, however, with payment of the legacies.

Plaintiff contended that paragraph 2 of the will presented a condition subsequent, and that the title vested, and that these special bequests directed to be paid out of this land by the testator are liens against the land, and that Emil did not have to take the land, but that, whoever takes it, there is a lien placed upon it by the testator.

The majority opinion refers to a somewhat similar case of *Lehman v. Wagner,* 136 Neb. 131, 285 N. W. 124, but in an examination of that will we find a provision which reads that testator gives to his son Joseph certain described real estate: "The above devise of real estate to my said son, Joseph Wagner, is based upon, subject to and burdened with the express requirement and condition, that he make payment of the sum of Five Thousand Dollars," etc. It is clear in this case, from an examination of the entire will, that the *real estate* itself was intended by the testator to be burdened with the express requirement to pay the bequests, which provisions are entirely lacking in the case at bar, which simply says that "he my son Emil Sachs shall pay."

"The debt of a devisee to the testator is not a charge on lands devised to him by the testator in the absence of language in the will making such debt a charge." 40 Cyc. 1892-c.

In the annotation found in 62 A. L. R. 589, cases from many states are gathered in which such provisions have been construed as conditions precedent, and the headnote reads as follows: "Where a devise directs the devisee to pay a sum of money to a third person * * * and it is to be

gathered from the provisions of the will, taken together, that the expectation of such payment served the purpose of a consideration in the mind of the testator to induce the devise, and but for that expectation it would not have been made, and that the testator never intended that the devisee should receive or retain the property so devised until he made the payment as directed by the will, then the requirement is held to be a condition precedent."

Among the cases cited in support of the rule is *Gotchall v. Gotchall,* 98 Neb. 730, 154 N. W. 243, in which this court held: "Whether a devise is upon a condition precedent or subsequent is not to be determined alone from the use of technical words in a will. The question is one of the intention of the testator. If the language of the whole will shows that it was the intention of the testator that the act upon which the right depends was to be performed before the interest vested, the condition is precedent, and in such case, unless the act is performed as directed and required by the will, no interest in the property passes."

In another Nebraska case, a father bequeathed a tract of land to his son, Henry, Jr., and added: "He is to pay Ten (10) Dollars each year To Mary, Tena, Anna, John, Will, and Frank, Luenenburg, as long as they are alive." Our court held that this provision created no charge against the land bequeathed, under the rule of law that lands specifically devised are not liable for the payment of annuities, unless they are charged thereon by will. *Luenenborg v. Luenenborg,* 128 Neb. 624, 259 N. W. 649.

To summarize, we might ask the question: Is it not the duty of this court to carry out the intention and wishes of the testator? At the date this will was made, the testator gave to his favorite son, Emil, a very valuable 80 acres of land, and instructed Emil to pay $2,500 apiece to three others, leaving Emil with property which then would have a net value far in excess of these payments. Now, by the decision of this court, we take from Emil all of his interest in this 80 acres of land and give it all to the other three, a thing which was farthest from the wishes and intention of

the testator. Emil refused to accept the land when the testator died, for the land had then depreciated in value to an amount less than the three payments required to be made.

It is my opinion that this court should affirm the trial court in the case at bar, and establish the law to be:

1. A paragraph in a will requiring a devisee of land to pay certain sums to a brother and two sisters, held to charge the devisee personally with such payments if he accepts the land, but not to create a charge against the land itself.

2. Whether a devise is upon a condition precedent or subsequent is not to be determined alone from the use of technical words in the will. The question is one of the intention of the testator, and if the language of the whole will shows that it was his intention that the act upon which the right depends was to be performed before the interest vested, it is a condition precedent.

3. A residuary clause in a will carries everything not otherwise disposed of, including any legacies which have lapsed, or are void, or have for any reason failed.