IN RE ESTATE OF LEWIS A. PFOST.
HUGH PFOST, APPELLEE, V. LOTTIE PFOST ET AL., APPELLEES:
LEE FOSS ET AL., APPELLANTS.
298 N. W. 739

FILED JUNE 20, 1941.   No. 31123.

*Craft, Edgerton & Fraizer, Dallas S. Gibson* and *Charles F. Adams,* for appellants.

*Dryden, Dryden & Jensen, J. F. McCarthy* and *William F. Spikes, contra.*

Heard before ROSE, EBERLY and YEAGER, JJ., and THOMSEN and WENKE, District Judges.

YEAGER, J.

This action is by the executor for the construction of a certain provision of the last will and testament of Lewis A. Pfost, deceased.   The provision in question is as follows:

"I give and devise to my Executors and their successors in trust the sum of Twelve Thousand ($12,000) Dollars, to be paid out of the personal property belonging to my estate, to be invested and kept invested by said Executor or his successor in trust in some safe investment during the lifetime of my said wife Lottie Pfost, all the interest or income

from said Twelve Thousand ($12,000) Dollar trust fund to be collected by my Executor or his successor in trust and turned over to my said wife Lottie Pfost, as long as she shall live for her care, support and maintenance or to do with as she may see fit and upon the death of my wife Lottie Pfost, said trust fund of Twelve Thousand ($12,000) Dollars shall pass and go to and by said Executor or his successor in trust be divided equally, in equal shares, share and share alike between my son Hugh Pfost, and my twelve (12) grandchildren, said grandchildren being the eight (8) children of my daughter Iva L. Foss, and the four (4) children of my son Hugh Pfost."

The sole question here is to determine whether the testator intended that on the distribution of the trust fund set up in the will it should be divided into thirteen equal parts, or if he intended that it should be divided into two equal parts with one going to Hugh Pfost and the other going, share and share alike, to the twelve grandchildren. The trial court concluded that the latter represented the intention of the testator and entered its judgment accordingly. From this judgment the action comes to this court for review.

In our approach to a determination of this question, we have in mind the following rules applicable in the construction of wills:

"In the construction of a will, the court is required to give effect to the true intent of the testator so far as it can be collected from the whole instrument, if such intent is consistent with the rules of law." *Martens v. Sachs,* 138 Neb. 678, 294 N. W. 426.

" 'Parol evidence is inadmissible to determine the intent of a testator as expressed in his will, unless there is a latent ambiguity therein which makes his intent obscure or uncertain.' *Lincoln Nat. Bank & Trust Co. v. Grainger,* 129 Neb. 451, 262 N. W. 11." *Martens v. Sachs, supra.*

The controversy centers around the interpretation to be placed upon the preposition "between" used in the quoted portion of the will. It is the contention of the appellants that when "between" is weighed and considered with the

preceding words, "be divided equally, in equal shares, share and share alike" it becomes clear that the testator intended a division into thirteen equal parts, or that the division should be "among" the son and the twelve grandchildren. Appellee contends that "between" must be accepted in its literal grammatical sense, and that this was the interpretation intended by the testator. He contends that the testator intended a division between an individual and a class.

The determination here must be made to depend upon what is found within the four corners of the will itself. That there is an ambiguity can hardly be questioned, but it is patent and not latent. This being true, parol evidence is not admissible to determine the intent of the testator.

There is but one thing observable in the will, independent of the language employed, which has a possibility of throwing light directly or inferentially on the purpose or intent of the testator. It is that Hugh Pfost appears to have been favored by the testator, since his only other child, Iva L. Foss, a daughter, was to receive but $5, while Hugh Pfost was to receive the residuary of the estate in addition to a division of the $12,000 trust. The entire estate was of the approximate value of $42,000. It was stated in the will that Iva L. Foss had previously been given or advanced $14,000. From this it is apparent that substantial equality in the ultimate division of the estate between the two children of the testator was not intended.

Many authorities are cited in the briefs on the question of the use of "between" when in fact "among" was intended, but from none of them do we obtain any benefit or enlightenment in the present situation. There is nothing in law or in fact from which we can determine, without question, the intention of the testator.

The only resort then is to examine what is found in the will and construe it according to its tenor and give to the word "between" its generally accepted literal and grammatical meaning. In doing so it becomes necessary to hold that the testator intended that Hugh Pfost should have, on distribution, one-half of the trust fund in question, and

that the twelve grandchildren should participate equally in the other half.

The construction of the last will and testament of Lewis A. Pfost, deceased, made by the district court is correct and its judgment is

AFFIRMED.