JOHN F. MCCARTHY, APPELLEE, V. HUGH PFOST, APPELLANT.

7 N. W. (2d) 363

FILED JANUARY 6, 1943. No. 31470.

B. J. Cunningham, for appellant.

Dryden, Dryden & Jensen, contra.

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

EBERLY, J.

This is an appeal from the district court for Hamilton county wherein the jury returned a verdict for plaintiff below in the sum of $1,575 for legal services performed and expenses necessary and reasonable in connection therewith. The defendant was Hugh Pfost. It may be said that the sufficiency of the pleadings is unchallenged; the correctness of the trial court's instructions submitting the case to the trial jury is not attacked by appellant's brief. Defendant offered no evidence on the question of value of the legal services performed by plaintiff, and the testimony of plaintiff and his witnesses on that subject is without contradiction in the record; the skill and ability of plaintiff and his assistants in the conduct of the litigation are not challenged. Indeed, in reference to the briefing of the case appellant's brief includes the following: "The question (briefed and presented by appellee) was an undecided one in Nebraska, and it is not our intention to state that skill and ability in studying and briefing was not required. It definitely was required." It may further be said that plaintiff McCarthy

and his assistants were successful in securing decisions as desired by his client, both in the district court and in the supreme court to which his client's case was appealed by opposing parties. See *In re Estate of Pfost*, 139 Neb. 784, 298 N. W. 739.

The real question at issue between the parties to this litigation, as presented by the record, is not whether plaintiff McCarthy was employed or not, or the actual value or skilfulness of such services so performed, but the actual terms of his employment by Hugh Pfost as his "personal" attorney. Pfost claims that he entered into a definite oral agreement with plaintiff McCarthy, which, as finally agreed upon by the parties, was substantially that McCarthy was to take charge of the litigation involving defendant's interests in the Lewis A. Pfost estate then pending in the county court of Hamilton county, and prosecute an appeal to the district court from an order made in the county court involving the construction of clause two of the will of the deceased, defendant's father, and carry the same through the district court, and, if necessary, the supreme court, and should accept and receive for his compensation for all services required to be performed the sum of $300 and court costs. On the other hand, plaintiff McCarthy denied the making of this oral contract. He insisted that no oral agreement was ever entered into between Hugh Pfost and himself, except that he was orally directed to perform the legal services involved by the former; that he would employ Dryden, Dryden & Jensen as his assistants and pay them himself; that he was to go ahead and handle such litigation, and that at some future time they would agree on a fair fee for the services performed, but he (Pfost) would make no specific agreement as to fees. These contentions as to terms of employment by the respective parties receive support in the record from the testimony adduced by each. The correctness of the submission of the case to the trial jury by the instructions of the district court is unchallenged. It was by that trial jury resolved against Pfost and in favor of McCarthy. As to the amount of the recovery allowed by

them, it may be said to be amply supported by the only competent evidence in the record as to the value of the services performed.

The litigation in which these performed services were rendered by plaintiff largely had its origin in the following clause of the last will of Lewis A. Pfost, deceased:

"I give and devise to my Executors and their successors in trust the sum of Twelve Thousand ($12,000) Dollars, to be paid out of the personal property belonging to my estate, to be invested and kept invested by said Executor or his successor in trust in some safe investment during the lifetime of my said wife Lottie Pfost, all the interest or income from said Twelve Thousand ($12,000) Dollar trust fund to be collected by my Executor or his successor in trust and turned over to my said wife Lottie Pfost, as long as she shall live for her care, support and maintenance or to do with as she may see fit and upon the death of my wife Lottie Pfost, said trust fund of Twelve Thousand ($12,000) Dollars shall pass and go to and by said Executor or his successor in trust be divided equally, in equal shares, share and share alike between my son Hugh Pfost, and my twelve (12) grandchildren, said grandchildren being the eight (8) children of my daughter Iva L. Foss, and the four (4) children of my son Hugh Pfost."

Just prior to McCarthy's employment the county court of Hamilton county, on petition presented by Hugh Pfost, had construed this clause of the will as vesting in the petitioner but 1/13 of the $12,000 trust created thereby. Thereupon the attorneys representing Hugh Pfost sought to have the interpretation reviewed by the district court as a single issue, and filed a petition for that purpose. However, the guardian *ad litem*, theretofore duly appointed by the county court of Hamilton county to represent certain minor heirs of Lewis A. Pfost, deceased, also appealed in behalf of his minor clients, insisting that the entire order entered by the county court of Hamilton county be reviewed. The contention of the guardian *ad litem* prevailed, and the entire matter was presented to and determined by the district court

on appeal. Meanwhile Lottie Pfost, widow of the deceased Lewis A. Pfost, who had elected in due form of law to take her statutory rights of inheritance in lieu of the provisions made by the last will and testament, departed this life. McCarthy was then directed by Hugh Pfost to represent his interests in this enlarged scope of employment. The result of the entire proceeding in the district court was favorable to the interests of plaintiff's client. He was adjudged to be entitled to $6,000 out of the $12,000 trust fund in lieu of 1/13 thereof as allowed him by the county court. This determination was affirmed in the decision of the supreme court in the case of *In re Estate of Pfost,* 139 Neb. 784, 298 N. W. 739.

In view of the nature of the services required by reason of the extended scope of the review in the district court arising out of the action taken by the guardian *ad litem,* we do not find any substantial error of the district court in its ruling on the admission of evidence and in its conduct of the trial. Manifestly time and space forbid a recitation of each ruling on evidence challenged by the appellant. We are convinced that in view of the record as an entirety appellant suffered no prejudice from the admission of evidence claimed to be on points not within the issues. While the conduct of counsel for the plaintiff is not to be commended, the trial court was fully justified in denying appellant's motion to direct a mistrial. In consideration of the condition of the record, and the admonition of the trial court upon the action of plaintiff's attorney complained of that followed immediately, and the result of the trial, it cannot be said that the appellant suffered prejudice by reason thereof. An examination of the hypothetical questions in connection with the record discloses that they embrace nothing which is without express support in the record or the result of legitimate inferences therefrom. The judges of this court, as well as trial juries, in their respective spheres must determine questions of disputed facts exclusively from the record of the evidence adduced at the trial, where witnesses may be cross-examined and counter-

vailing proof produced. On this basis, it is clear that the record of the trial court is without substantial error, and its judgment is affirmed.

AFFIRMED.