**COSTELLO et al. v. COSTELLO et al.**

No. 8874.

United States Court of Appeals District of Columbia.

Argued Feb. 21, 1945.

Decided April 9, 1945.

Mr. Fred J. Rice, of Washington, D. C., for appellants.

Mr. Francis L. Neubeck, of Washington, D. C., with whom Messrs. John H. Neubeck and Frank J. Dugan, both of Washington, D. C., were on the brief, for appellees Timothy J. Costello, James R. Cos-

tello, Ella A. Costello, and Robert F. Costello.

Mr. John F. Hillyard, of Washington, D. C., for appellees Leo A. Costello, Helen Saied, Mary Birch, and Elizabeth Nolan.

Before GRONER, Chief Justice, and EDGERTON and ARNOLD, Associate Justices.

GRONER, C. J.

This is a suit for the partition and sale of certain real estate in the District of Columbia. The case turns upon the construction of a clause of the will of Katherine Connor, who died in the City of Washington October 12, 1941. Her will was executed June 6, 1936. By Item 2 she devised to her brother Jeremiah Costello, for and during the term of his natural life, certain real estate described as being in the District of Columbia. By Item 5 she provided that —"After the death of my brother Jeremiah Costello, I give and devise the real estate devised to him, for life, in the second item hereof, to such persons as may at the time of the death of my said brother be my heirs at law, in fee simple and absolutely."

At testatrix's death her heirs were her brother Jeremiah, and nine nieces and nephews, children of three pre-deceased brothers. Jeremiah Costello died November 8, 1942, at which time the heirs at law of testatrix were the nine nieces and nephews, plus another nephew, the son of Jeremiah. The question for decision is whether the property covered under Item 2 passed under her will to her heirs as determined at the time of *her* death, or to her heirs as determined at the death of her brother Jeremiah. The importance of the question is that if the former be the result, two of the nephews would take one-fourth each and the eight others would each take one-sixteenth (i.e., they would take *per stirpes*), whereas the latter result would give each of the ten an equal share (i.e., they would take *per capita*).[1]

The District Court found that testatrix intended that the heirs should be determined as of the date of the death of her brother and accordingly held under the applicable District of Columbia statute [1] that the proceeds of the property, which had been sold by a previous order of court, were distributable in equal shares to the ten nephews and nieces. In reaching this conclusion the District Judge recognized

---

[1] D.C.Code 1940, § 18—105.

the general rule of construction to be that a devise to "heirs at law" of a testator will ordinarily be construed as referring to those who are such at the time of the testator's death, since the law favors the early vesting of estates. But the court likewise recognized that where a different intent is clearly manifested in the will, such manifest intention will govern.[2] Accordingly, the District Judge found that the language of the will clearly showed the purpose of testatrix in creating the life estate in her brother was to have the will speak as to the remainder as of the death of the brother. We are in accord with that view.

▆▆ It is the general rule in the construction of wills that the intention of the testator is to be ascertained by an examination of the language of the will in the light of the facts and circumstances surrounding him, his family and property at the time of making the will. Here at the time the will was made, testatrix's heirs at law consisted of one brother and nine nieces and nephews. With the exception of devises to her nephew, Timothy, the only son of her brother Thomas Costello, deceased, she left her entire estate to her then living brother Jeremiah in part absolutely and in part for life. This included the money she had in bank and all the residue of her estate, and, in anticipation of her death before her brother's death,

she appointed him Executor of her will. The part of the property devised to him only for his life comprised a large part of her estate, and the provision as to the passing of this property at the death of her brother is definitely expressed and, according to the natural import of the words used, is susceptible of but one meaning. (And this is not only clear from the language used, but, in the circumstances, is the reasonable and natural result to be expected. For upon his death all her heirs would be in the same degree of relationship to her—and there is nothing to indicate any preference for some of the nieces or nephews over the others.[3] The provision is that her heirs at law who shall take are to be determined as of a certain definite time, namely, "at the time of the death of my said brother;" and the language of the forepart of the clause is consistent with that meaning, for there she says—"After the death of my brother, Jeremiah Costello, I give and devise the real estate devised to him, for life"—(italics supplied) and when to this deferred gift is coupled the concluding language—"to such persons as may at the time of the death of my said brother be my heirs at law," the conclusion is irresistible that this language was intended by her, and must be taken, as meaning testatrix's heirs at law determined at the death of the life tenant.[4]

Affirmed.

[2] 3 Page on Wills (Lifetime Ed. 1941) § 1054: "The context may show that the testator intended these classes [heirs or next of kin] to be determined at a subsequent time, such as the period of distribution or the death of the first taker." See the cases cited therein in Notes 8, 10, 11 and 13.

[3] Cf. Thompson v. Young, 25 Md. 450, 460.

[4] Cf. Genung v. Best, 100 N.J.Eq. 250, 135 A. 514, 515: " * * * upon the death of my said husband the whole of my said estate * * * shall go to and be divided in equal shares between and among my legal personal heirs and representatives * * * "; Wood v. Bullard, 151 Mass. 324, 25 N.E. 67, 7 L.R.A. 304: " * * *

then to pay at her decease one-half of said trust fund to [my] heirs at law then surviving, they taking by right of representation, and one-half to the heirs at law of [my] wife then surviving, they taking by right of representation * * * "; In re Senn's Estate, 164 N.Y.S. 399, 401, affirmed, 170 N.Y.S. 1111: "I hereby give * * * all the rest * * * of my estate * * * to those persons who at that time * * * shall constitute the heirs at law of myself and my late husband * * *." In each of these cases the heirs were determined as of a date subsequent to the date of the testator's death. See also the annotation in 49 A.L.R. 169, 174, 194.