WALTER BRANDEIS ET AL., APPELLEES, V. J. L. ERVINE
BRANDEIS ET AL., APPELLANTS.
34 N. W. 2d 159

Filed October 7, 1948.   No. 32442.

*Kennedy, Holland, DeLacy & Svoboda,* for appellants.

*Flansburg & Flansburg* and *White & Lipp,* for appellees.

Heard before SIMMONS, C. J., PAINE, CARTER, MESS-MORE, YEAGER, CHAPPELL, and WENKE, JJ.

YEAGER, J.

This is an action which was instituted in the district court for Douglas County, Nebraska, by Walter Brandeis and Loyal B. Cohn, plaintiffs and appellees, against J. L. Ervine Brandeis, and George Brandeis and Karl Louis, trustees, defendants and appellants, under the Uniform Declaratory Judgments Act for the purpose of having construed a paragraph of the last will and testament of H. Hugo Brandeis, deceased.

The action was commenced by the filing of a petition by plaintiffs which was later amended. The defendants answered the petition. The plaintiffs moved for an order striking parts of the answer which motion was sustained. Thereafter plaintiffs moved for judgment on the pleadings which motion was sustained and a decree was entered applying to the provision of the will in question the construction prayed for by plaintiffs.

The cause comes here on appeal. Error is assigned with respect to the order striking parts of the answer and the decree construing the will.

That portion of the appeal which brings into question the propriety of the order of the district court striking parts of the answer relates itself to the pleadings filed, therefore it becomes necessary to review them and point out their contents herein in considerable detail.

In the petition it is set out, among other things, in

substance that on May 16, 1911, H. Hugo Brandeis made a will which contained the following provision:

"I give and bequeath to my beloved wife, Lyela Brandeis, for her sole use and benefit during her natural life, all of the capital stock of J. L. Brandeis & Sons, now owned by me and hereafter acquired; and, at her death, said stock shall pass to and vest absolutely in my brothers, Arthur D. Brandeis and Emil Brandeis, in equal proportions. Should either of my said brothers die during the life-time of my wife, his lawful male heirs, as of the date of her death, shall take his share." Lyela Brandeis as indicated by this provision was the wife of H. Hugo Brandeis.

At the time of making his will two brothers, Arthur D. Brandeis and Emil Brandeis, and a sister, Sarah Brandeis Cohn, were living. Emil Brandeis had no children. He was never married. Arthur D. Brandeis had a son whose name is J. L. Ervine Brandeis. He is still living. He also had two daughters but for the purposes of this decision further mention of them is not required. Sarah Brandeis had two sons. They are still living and are known as Walter Brandeis and Loyal B. Cohn. No children were born to H. Hugo Brandeis and his wife. J. L. Ervine Brandeis, Walter Brandeis, and Loyal B. Cohn were the only nephews of the Brandeis blood of H. Hugo Brandeis.

H. Hugo Brandeis died July 21, 1912, at which time he was the owner of 833⅓ shares of the capital stock of J. L. Brandeis & Sons, a Nebraska corporation. Emil Brandeis had died previously on April 15, 1912. Arthur D. Brandeis died June 10, 1916. Sarah Brandeis Cohn died October 31, 1936. Lyela Brandeis died July 29, 1946.

The plaintiffs alleged that by a proper interpretation and construction and within the true meaning of the quoted provision of the will of H. Hugo Brandeis, J. L. Ervine Brandeis, Loyal B. Cohn, and Walter Brandeis were the lawful male heirs of Emil Brandeis on the death of Lyela Brandeis and that they were and are entitled

to take, share and share alike, one-half of the 833⅓ shares of capital stock and the increase thereof in J. L. Brandeis & Sons, a Nebraska corporation.

They alleged that J. L. Ervine Brandeis claims that the term "lawful male heirs" as used in the provision of the will relates to lawful male heirs as of July 21, 1912, the date of the death of H. Hugo Brandeis, and that at that date Arthur D. Brandeis was the only lawful male heir of Emil Brandeis, hence on account of the death of Arthur D. Brandeis he became entitled to take in the stead of his father.

They alleged that J. L. Ervine Brandeis has assumed control of the capital stock as though it were his own and has transferred it to George Brandeis and Karl Louis, trustees, reserving for himself the beneficial interest therein. George Brandeis and Karl Louis were made parties defendant as trustees.

The prayer is for an adjudged interpretation and construction of the provision of the will which will conform to the claims made in the petition.

The answer of defendants is of considerable length and nothing need be said with regard to the portion which is in essence a traverse of the issue presented for determination except to say that it presents the contention of J. L. Ervine Brandeis with reference to the provision of the will substantially as it was presented in the petition of the plaintiffs. In it and as a part of it by reference there were parts which were stricken by order of the district court. The propriety of this action, as has been pointed out, has been brought into question by this appeal, therefore it becomes necessary to refer to them.

The parts which were stricken were (1) a paragraph setting out that J. L. Brandeis was the founder and organizer of J. L. Brandeis & Sons, a corporation, the date of incorporation, the capitalization, and the character of the business of the corporation; (2) a part of a paragraph setting out that J. L. Brandeis and his three sons were officers and engaged in the operation of the

corporation during the lifetime of each of them; (3) a paragraph setting forth the distribution of the shares of stock on the death of J. L. Brandeis the result of which in the end caused H. Hugo Brandeis to become the owner of 833⅓ shares of the capital stock, together with exhibit 1 attached to the petition; (4) a paragraph whereby the will of Emil Brandeis was identified for attachment to and as a part of the answer and wherein the details of the administration of the estate of Emil Brandeis were set out, together with exhibit 2 attached to the petition; and (5) a part of a paragraph wherein the will of Arthur D. Brandeis was identified for attachment to and as a part of the answer, together with exhibit 4 attached to the petition.

These portions of the answer were ordered stricken obviously on the ground that they were of no proper benefit to the court in construing the provision of the will of H. Hugo Brandeis.

We think that in all respects, with the possible exception of that part referring to the will of Arthur D. Brandeis, the district court was not in error.

The will of Arthur D. Brandeis will become important in the determination of the right of J. L. Ervine Brandeis to take only if it shall be determined that heirship of Emil Brandeis within the meaning of the questioned provision of the will of H. Hugo Brandeis was the date of the death of H. Hugo Brandeis rather than the date of the death of Lyela Brandeis, since the right, if it exists, of J. L. Ervine Brandeis to take the capital stock of Emil Brandeis in its entirety depends upon the will of his father rather than as an heir of Emil.

In point of fact it was not alleged that H. Hugo Brandeis executed his own will with reference to the wills of his two brothers or either of them or even that he knew of their wills or the contents thereof. As to the other allegations of the answer which were stricken, with the exception noted, nothing is therein contained, if evidence had been adduced to fully support them, which

could throw any light on the intention of H. Hugo Brandeis in the making of his will even if under some rule of law extraneous facts having no connection with the making of a will could be considered in arriving at the intent of a testator. No such rule has however been cited and we know of none.

The appellants contend that evidence in support of these allegations was admissible for the purpose of a correct understanding of the bequest and of the facts and circumstances which may have been reasonably supposed to have influenced the testator in making the will in order that the court might ascertain his intention. For support they rely on Little v. Giles, 25 Neb. 313, 41 N. W. 186; Elliott v. Quinn, 109 Neb. 5, 189 N. W. 173; In re Estate of Zimmermann, 122 Neb. 812, 241 N. W. 553; In re Estate of Schuette, 138 Neb. 568, 293 N. W. 421; In re Estate of Dimmitt, 141 Neb. 413, 3 N. W. 2d 752, 144 A. L. R. 704.

With this as an abstract rule of law which may have application to an appropriate statement of facts no fault is found but it can have no application here. The matters involved in these portions of the answer in and of themselves were so remote as to permit of only bare speculation that they had any influence upon the intent of H. Hugo Brandeis at the time he made his will. To bring them out of the field of speculation would require the testimony of witnesses in explanation, a step not permissible under well-settled principles of law.

In the construction of a will, the court is required to give effect to the true intent of the testator so far as it can be collected from the whole instrument if such intent is consistent with law. Martens v. Sachs, 138 Neb. 678, 294 N. W. 426, 134 A. L. R. 356; In re Estate of Pfost, 139 Neb. 784, 298 N. W. 739; In re Estate of Darr, 114 Neb. 116, 206 N. W. 2; Reuter v. Reuter, 116 Neb. 428, 218 N. W. 86; Krause v. Krause, 113 Neb. 22, 201 N. W. 670; In re Estate of Zimmermann, *supra.*

Extraneous evidence is admissible for the purpose of

construing a will only if there is a latent ambiguity occurring when the language of the will fails to comport with or is in conflict with the facts and circumstances on which the will operates. In re Estate of Pfost, *supra;* Roberts v. Roberts, 147 Neb. 494, 23 N. W. 2d 774; Lincoln Nat. Bank & Trust Co. v. Grainger, 129 Neb. 451, 262 N. W. 11.

Where on the basis of the language employed by a testator a will is capable of more than one interpretation the ambiguity is patent and extrinsic evidence is inadmissible to aid in its interpretation. In re Estate of Pfost, *supra;* Roberts v. Roberts, *supra.*

The ruling on the question of whether or not the court erred in striking the will of Arthur D. Brandeis and the reference thereto will be deferred until construction of the provision of the will is made since, as pointed out, the propriety of the trial court's ruling depends upon this construction.

The question of construction presented is the intention of the testator in the use of the words: "Should either of my said brothers die during the life-time of my wife, his lawful male heirs, as of the date of her death, shall take his share."

"Her" refers to Lyela Brandeis. The term "his share" when limited to the present inquiry refers to the share of Emil Brandeis. Emil Brandeis predeceased the testator. Lyela Brandeis and Arthur D. Brandeis survived him. Lyela Brandeis survived Arthur D. Brandeis by many years.

In order to make clear the observations and conclusions of this opinion we think it well to point out that the parties are in accord that the bequest in remainder of H. Hugo Brandeis to Emil Brandeis did not lapse with the death of Emil since substitute or alternate remaindermen were named by the testator to take in case of his death. We are in accord with this view.

The intent in this respect was drawn from an examination of the will itself, the circumstances of the testator

at the time he made his will, and a presumption that one who makes a will does not intend any of his property to be divided as though he died intestate. Jones v. Hudson, 93 Neb. 561, 141 N. W. 141, 44 L. R. A. N. S. 1182.

The provision of the will under consideration in the case at bar left nothing in doubt in this respect. The testator declared an intention that there should be no lapse in case of the death of a first named taker. Within the meaning of Restatement, Property, § 277, p. 1428, and illustration 1 thereunder, it was the intention of H. Hugo Brandeis to bequeath a remainder subject to defeasance by death of remaindermen before the death of Lyela Brandeis with the lawful male heirs as substitutionary remaindermen.

The burden devolving upon the court is to determine, within the limits of this inquiry, whether in the use of the quoted words H. Hugo Brandeis had reference to those who were lawful male heirs of Emil Brandeis at the date of his, Emil's, death, or those who would have been his lawful male heirs at the death of Lyela Brandeis had he survived the testator, his brother Arthur D. Brandeis, and his sister Sarah Brandeis Cohn.

If he intended the former then the defendants are entitled to prevail. If he intended the latter then the plaintiffs are entitled to prevail. There is no contention on the part of any of the parties to this action that the intention of the testator in this respect, no matter what it shall be found to have been, may not be allowed to prevail.

In arriving at this determination certain rules of construction are to be borne in mind. They are those which have already been stated together with the following:

Where a will contains a patent ambiguity extraneous evidence is inadmissible for the purpose of explaining its meaning or the intent of the testator but the meaning and intent must be ascertained from an examination of the will and all of its parts. In re Estate of Zimmermann, *supra;* In re Estate of Pfost, *supra;* Roberts v. Roberts,

*supra;* In re Estate of Schuette, *supra;* In re Estate of Wirsig, 128 Neb. 297, 258 N. W. 467.

In the construction of a will the generally accepted literal, natural, and grammatical meaning must be given to the words used. In re Estate of Pfost, *supra;* Roberts v. Roberts, *supra.*

In the construction of a will whose terms are unambiguous the intent of the testator appearing from the words used in their general literal, natural, and grammatical sense is to be accepted. Hill v. Hill, 90 Neb. 43, 132 N. W. 738, 38 L. R. A. N. S. 198; Lincoln Nat. Bank & Trust Co. v. Grainger, *supra;* Salmons v. Salmons, 142 Neb. 66, 5 N. W. 2d 123; In re Estate of Grblny, 147 Neb. 117, 22 N. W. 2d 488; In re Estate of Zents, 148 Neb. 104, 26 N. W. 2d 793.

A will speaks as of the date of the death of the testator. Lacy v. Murdock, 147 Neb. 242, 22 N. W. 2d 713.

The law favors the early vesting of estates, and a remainder will be declared a vested one unless a contrary intent of the testator is apparent from the will. Davis v. Davis, 107 Neb. 70, 185 N. W. 442; In re Estate of Hanson, 118 Neb. 208, 224 N. W. 2.

Without difficulty, under the cited decisions dealing with that subject, we have arrived at the conclusion that this provision of the will contains no latent ambiguity or one which is subject to explanation by extraneous evidence.

Is there a patent ambiguity? Assuming that there is, as pointed out in the decisions, that must be resolved by reference to the content of the will and its provisions and the language employed.

As is apparent from the will the testator by declaration recognized the uncertainties of life. It is reasonable to say by reference to the will, we think, since he provided against the eventuality of their death, that he had in mind the uncertainty of life of his brothers as well as of himself. With this in mind, again we think it reasonable to say that he intended to make a full testamentary

disposition, or at least what he thought was a full disposition, of his estate, one which would in the light of the potential of these uncertainties provide for testamentary disposal of his entire estate. The intention in this respect is not confusing or obscure but is clearly expressed. No ambiguity is apparent.

We think this provision of the will clearly by its terms expresses the intention that in case of the death of Emil Brandeis or Arthur D. Brandeis before that of Lyela Brandeis the estate which would have gone to him would go to the class which was closest to him in the lawful male line of the Brandeis blood. To hold this not to be true would be to render, in violation of rules heretofore adverted to herein, useless and meaningless the words "as of the date of her death." To attribute to them the only meaning of which they are capable, especially considering their juxtaposition to the words "his lawful male heirs" immediately preceding, is to construe the entire provision in conformity with the contention contained in the petition of plaintiff and the prayer thereof.

This conclusion conforms to well-established authority in the interpretation and construction of wills which permits estates to become effective or pass "as of" a special time or the happening of a named event. Lacy v. Murdock, *supra;* Proctor v. Clark, 154 Mass. 45, 27 N. E. 673, 12 L. R. A. 721; Warren v. Sears, 303 Mass. 578, 22 N. E. 2d 406, 127 A. L. R. 595; Mitchell v. Dauphin Deposit Trust Co., 283 Ky. 532, 142 S. W. 2d 181; Wood v. Schoen, 216 Pa. 425, 66 A. 79; New York Life Ins. & T. Co. v. Winthrop, 237 N. Y. 93, 142 N. E. 431, 31 A. L. R. 791. In this light it is clear from the will that the testator did not use the term "heirs" in a technical sense but with the purpose and intention of indicating those of a particular class closest in blood relation to the named beneficiary if such beneficiary died prior to the death of Lyela Brandeis. To accept and enforce such an intention and purpose will conform to well-accepted principles of law. Baker v. Hibbs, 167 Iowa 174, 149 N. W.

85; In re Wagar's Estate, 302 Mich. 243, 4 N. W. 2d 535; Mitchell v. Dauphin Deposit Trust Co., *supra;* Costello v. Costello, 149 F. 2d 379; Worcester County Trust Co. v. Marble, 316 Mass. 294, 55 N. E. 2d 446; Gilliam v. Guaranty Trust Co. of New York, 186 N. Y. 127, 78 N. E. 697, 116 Am. S. R. 536.

Also this conclusion is not violative of the rule that the law favors the early vesting of estates, and that a remainder will be declared a vested one unless a contrary intent of the testator is apparent from the will. We have found nothing in the rule or the reported cases which makes of it a rule of prohibition. It appears to be one of direction of preference. Its requirement is that in wills where the intention of the testator is found to be doubtful in this respect and a choice becomes necessary the doubt should be resolved in favor of a vested rather than a contingent remainder.

Assuming that Arthur D. Brandeis took a vested remainder in the estate of Emil Brandeis, that could have no material bearing upon and could not defeat or adversely affect this construction of the provision of the will.

If Arthur D. Brandeis took a vested remainder in the estate of Emil Brandeis it was a vested remainder subject to defeasance by his death before the death of Lyela Brandeis, with the lawful male heirs of Emil Brandeis as of the death of Lyela Brandeis becoming substituted testamentary remaindermen. Restatement, Property, § 277, p. 1428, and illustration 1.

The district court in no wise erred in striking parts of the answer, and the decree construing the provision of the will of H. Hugo Brandeis is in all respects correct and is affirmed.

AFFIRMED.